1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile  (619) 235-5648
   Email:  jsandler@sllbv.com
5
   Attorneys for Defendants
6  Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of
   California LLC
7

FILED

08 AUG 21  PM 2: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:        Eel         DEPUTY

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  KERRIE STONE,                              Case '08 CV 1549 WQH WMc

12              Plaintiff,                      DEFENDANTS' NOTICE OF
                v.                              REMOVAL
13
    ADVANCE AMERICA, CASH ADVANCE
14  CENTERS INC., ADVANCE AMERICA,
    CASH ADVANCE CENTERS OF
15  CALIFORNIA, LLC, and DOES 1 through 50,
    inclusive,
16
                Defendants.
17

18      Defendants Advance America, Cash Advance Centers, Inc. ("Centers") and Advance

19  America, Cash Advance Centers of California LLC ("Advance America/California"), by and

20  through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby

21  give notice of the removal of the above captioned matter from the Superior Court of California, San

22  Diego County, to the United States District Court for the Southern District of California.  In support

23  thereof, Defendants aver as follows:[1]

24      On July 16, 2008, Plaintiff Kerrie Stone filed an action styled *Kerrie Stone  v. Advance*

25  *America, Cash Advance Centers, Inc., Advance America, Cash Advance Centers of California LLC*

26  _____

27  [1]     Defendants do not waive and specifically reserve their rights to seek arbitration of all claims pursuant to the
28  compulsory, pre-dispute arbitration agreement between the parties.  Nothing contained herein or any other action taken
    by Defendants shall be deemed a waiver of Defendants' right to arbitrate.
    C:\Documents and Settings\mbrodersen\Local Settings\Temporary Internet Files\OLK69\Advance AmericaStone - Revised Defendants' Notice of

CR

1    *and Does 1 through 50, inclusive*, Civil Action No. 37-2008-00087796-CU-BT-CTL, in the Superior

2    Court of California, San Diego County.

3         On July 25, 2008, Centers and Advance America/California were both served with the

4    Summons and Complaint by personal service to their registered agents.

5         As more fully set forth below, this case is properly removed to this Court pursuant to 28

6    U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this

7    Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act.

8    <center>I.</center>

9    <center>**PROCEDURAL STATEMENT**</center>

10         Plaintiff effectuated service of the Summons and Complaint on Advance America on July 25,

11    2008. Therefore, this Notice of Removal has been timely filed within thirty (30) days of service

12    pursuant to 28 U.S.C. 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344

13    (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of

14    the complaint).

15         Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint

16    (with attachments) are attached hereto as Exhibit A.

17         As of yet, no proceedings have occurred in the Superior Court of California, San Diego

18    County. Defendants have not filed a responsive pleading to the Complaint.[2]

19         Venue lies in the United States District Court for the Southern District of California pursuant

20    to 28 U.S.C. § 1441(a), because that district embraces the Superior Court of California, San Diego

21    County, the place where this action is currently pending.

22         Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of

23    Removal in the Superior Court, and give written notice of the removal of this action to Plaintiff's

24    counsel.

25    ///

26

27    [2] Defendants reserve the right to assert any and all defenses to the Complaint under applicable federal and state law.
Defendants expressly reserve the right to require that Plaintiff's claims be decided through arbitration, and to move for a

28    dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12. Defendants further reserve the right
to amend or supplement this Notice of Removal.
C:\Documents and Settings\jsandler\Local Settings\Temporary Internet Files\OLK5\Advance AmericaStone - Revised Defendants' Notice of Removal
(3).DOC

## II.

## ORIGINAL JURISDICTION ARISING OUT OF THE CLASS ACTION FAIRNESS ACT

This Court has original jurisdiction arising out of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity, one hundred or more putative class members, and the aggregate amount in controversy exceeds $5 million.

### A.    Minimal Diversity

At the time the Complaint was filed, at the time of removal and at all relevant times, Plaintiff Kerrie Stone was and is a citizen of the State of California.  (Compl. ¶ 1.)

At the time the Complaint was filed, at the time of removal and at all relevant times, Defendant Centers was and is a Delaware corporation with its principal place of business in Spartanburg, South Carolina.  (Compl. ¶ 2; Declaration of Jeffrey Newman, Exhibit B, ¶ 4.) (hereinafter "Newman Dec.")  Pursuant to 28 U.S.C. § 1332(c)(1), Centers is a citizen of Delaware and South Carolina.

Because Plaintiff is a citizen of California and Defendant Centers is a citizen of Delaware and South Carolina, the minimal diversity requirement necessary for removal under CAFA is met. *See* 28 U.S.C. § 1332(d)(2)(A).

### B.    Numerosity

The putative class is alleged to include over 100,000 persons.  (Compl. ¶ 13.)

The size of the potential class is also supported by the Declaration of Jeffrey Newman, which shows that from January 2006 through June 2008, Advance America/California conducted business with approximately 32,228 separate customers in California who appear to meet the criteria for inclusion in the putative class as set forth by Plaintiff.  (Newman Dec. ¶ 10.)

Accordingly, there are more than 100 putative class members.  *See* 20 U.S.C. 1332(d)(5)(B).

Defendants expressly deny that this action can properly proceed as a class action.

### C.    The Aggregate Amount of Controversy Exceeds $5 Million

As more fully set forth in the Declaration of Jeffrey Newman, should Plaintiff prevail in her demands for herself and the putative class members, the amount in controversy far exceeds $5 million.  (Newman Dec. ¶ 11.)

1    In the Complaint, Plaintiff seeks, among other relief:

2        A.    unspecified compensatory damages;

3        B.    unspecified disgorgement and/or restitution;

4        C.    unspecified treble damages;

5        D.    unspecified punitive damages;

6        E.    unspecified attorneys fees;

7        F.    injunctive relief against enforcement of Defendants' arbitration clause.

8    (Compl. p. 8-9.)

9        Plaintiff has not pled damages specifically. Therefore, Defendants may prove the amount in

10    controversy by providing evidence that satisfies the preponderance of the evidence standard.

11    *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

12        Plaintiff seeks compensatory damages in the form of a return, disgorgement and/or restitution

13    of fees charged by Advance America/California to its California customers for the period July 2005

14    to July 2008.[3] (Compl. ¶ 10.)

15        Advance America/California has been doing business in the State since August 27, 1998

16    (Newman Decl. FN 1.). For the period January 2006 through June 2008, Advance

17    America/California collected fees from its California customers totaling in excess of $35.4 million.

18    (*Id.* ¶ 11.)

19        Should Plaintiff prevail in this litigation and Advance America/California be compelled to

20    pay compensatory damages to Plaintiff and the other putative class members and return, disgorge or

21    restitute the fees collected from its customers for the three year period prior to the filing of the

22    Complaint, Advance America/California may have to pay compensatory damages in excess of $35.4

23    million.

24    ///

25    ///

26

27    [3] Although Plaintiff does not identify any applicable limitations period that would define the putative class, all three
counts of the Complaint allege statutory violations, and therefore the limitations period would ordinarily be three-years.

28    *See* Code Civ. Proc. §338.

1    In addition to her demand for compensatory damages, Plaintiff also seeks treble actual

2  damages. (Compl. p. 9.)  Should Advance America/California be compelled to pay compensatory

3  damages in excess of $35.4 million, treble damages may amount to in excess of $106.2 million.

4    Plaintiff also demands punitive damages, which are considered in determining the amount in

5  controversy. *Nasiri v. Allstate Indem. Co.*, 41 Fed.Appx. 76, 78 (9th Cir. 2002) (citing *Bell v.*

6  *Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943)).  Even under the current rigorous due

7  process scrutiny applied to punitive damages awards, a 1:1 ratio between compensatory and punitive

8  damages has been upheld.  *See, e.g., State Farm Mut. Automobile Ins. Co. v. Campbell*, 123 S.Ct.

9  1513 (2003).  Thus, the punitive damages sought in this litigation may equal more than $35.4

10  million.

11    Plaintiff also claims attorneys fees in the Complaint.  (Compl. p. 9.)  Attorney's fees are

12  properly included when determining the amount in controversy.  *Guglielmino v. McKee Foods*

13  *Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Courts have held that attorneys' fees may be measured by

14  a "conservative" estimate of 12.5% of economic damages.  *E.g., id.* at 698 (affirming district court).

15  In this case, if the conservative estimate of 12.5% is applied to compensatory damages, the total may

16  exceed $4.4 million.

17    Based on the information set forth in the Newman Declaration which details the impact on

18  Advance America/California should the allegations in Plaintiff's Complaint be found to be true, the

19  aggregate amount in controversy in this matter exceeds the $5 million amount in controversy

20  requirement of 29 U.S.C. § 1332(d).

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## III.

## CONCLUSION

Because this case involves minimal diversity, an aggregate amount in controversy in excess of $5 million, and more than 100 putative class members, this Court has original subject matter jurisdiction over this putative class action. *See* 28 U.S.C. § 1332(d)(2)(A).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants respectfully remove to federal court the above-captioned civil action, which is currently pending in the Superior Court of California, San Diego County.

Dated:    August 21, 2008

SANDLER, LASRY, LAUBE, BYER
& VALDEZ LLP


By:    *James G. Sandler*
James G. Sandler
Attorneys for Defendants
Advance America, Cash Advance Centers,
Inc., Advance America, and Cash
Advance Centers of California LLC


OTHER COUNSEL:

SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, petition *pro hac vice* to be filed
Gail G. Westover, petition *pro hac vice* to be file
Brendan Ballard, petition *pro hac vice* to be filed
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:    202-383-0100
Facsimile:    202-637-3593
Email:    lewis.wiener@sutherland.com
gail.westover@sutherland.com
brendan.ballard@sutherland.com


Lawrence A. Dany, petition *pro hac vice* to be filed
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:    212-389-5000
Facsimile:    212-389-5099
Email:    larry.dany@sutherland.com

**Attorneys for Defendants Advance America,
Cash Advance Centers, Inc. and Advance America,
Cash Advance Centers of California LLC**

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS

08 JUL 16  PM 4: 11

CLERK OF THE COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADVANCE AMERICA, CASH ADVANCE CENTERS, INC.;
ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC;
and DOES 1 through 50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KERRIE STONE, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |

Superior Court of California, County of San Diego
Hall of Justice
330 West Broadway
San Diego, CA 92101

**37-2008-00087796-CU-BT-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James F. Clapp
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

Tel: (858) 623-4200          Fax: (858) 623-4299

| | | |
|---|---|---|
| DATE: **JUL 16 2008**<br>*(Fecha)* | Clerk, by _____J. HOFF_____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Advance America, Cash Advance Centers, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/25/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James F. Clapp (145814)<br>DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA 92122<br>TELEPHONE NO.: (858) 623-4200    FAX NO.: (858) 623-4299<br>ATTORNEY FOR (Name): Plaintiff Kerrie Stone | FILED<br>CIVIL BUSINESS OFFICE 8<br><br>'3 JUL 16 PM 4: 11<br><br>SAN DIEGO COUNTY CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Kerrie Stone v. Advance America, Cash Advance Centers, Inc.;
Advance America, Cash Advance Centers of California, LLC; Does 1 through 50

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00087796-CU-BT-CTL |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

**2.** This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☒ Large number of witnesses
b. ☒ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a.☒ monetary b.☒ nonmonetary; declaratory or injunctive relief    c. ☒ punitive
**4.** Number of causes of action (specify): Three
**5.** This case ☒ is ☐ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 16, 2008

James F. Clapp
_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FILED
CIVIL BUSINESS OFFICE 8

08 JUL 15 PM 4: 11

C. CLERK
SAN DIEGO COUNTY, CA

1 | JAMES F. CLAPP (145814)
MARITA M. LAUINGER (199242)
2 | DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
3 | San Diego, California 92122
Telephone: (858) 623-4200
4 | Facsimile: (858) 623-4299

5 | KEVIN J. McINERNEY (46941)
McINERNEY & JONES
6 | 18124 Wedge Parkway #503
Reno, Nevada 89511
7 | Telephone: (775) 849-3811
Facsimile: (775) 849-3866

8 |
Attorneys for Plaintiff
9 | Kerrie Stone

10 | SUPERIOR COURT OF CALIFORNIA

11 | IN AND FOR THE COUNTY OF SAN DIEGO

12 |

13 | KERRIE STONE, individually and on behalf of | Case No. 37-2008-00087796-CU-BT-CTL
all others similarly situated,
14 | | CLASS ACTION COMPLAINT FOR:
15 | Plaintiff,
| 1. Violation of the California Deferred
16 | vs. | Deposit Transaction Law (Cal. Fin. Code
section 23000 et seq.)
17 | |
ADVANCE AMERICA, CASH ADVANCE | 2. Violation of the California Unfair
18 | CENTERS, INC.; ADVANCE AMERICA, | Competition Law (Cal. Bus. & Prof. Code
CASH ADVANCE CENTERS OF | section 17200 et seq.)
19 | CALIFORNIA, LLC; and DOES 1 through 50, |
inclusive, | 3. Violation of the California Consumer
20 | | Legal Remedies Act (Cal. Civ. Code section
Defendants. | 1760 et seq.)
21 |

22 |

23 | Plaintiff Kerrie Stone, individually and on behalf of all others similarly situated, alleges

24 | as follows:

25 | INTRODUCTION

26 | 1. Plaintiff Kerrie Stone is an individual residing in San Diego County, California.

27 | 2. Defendant Advance America, Cash Advance Centers, Inc. is a Delaware

28 | corporation with its principal place of business in South Carolina. Defendant Advance America,

CLASS ACTION COMPLAINT                    -1-

1    Cash Advance Centers of California, LLC is a Delaware limited liability company with its

2    principal place of business in South Carolina. These two defendants will collectively be referred

3    to as "Advance America."

4         3.    Plaintiff does not know the identities of those defendants sued herein as DOES 1

5    though 50 but will amend this complaint when that information becomes known. On information

6    and belief, plaintiff alleges that each of the DOE defendants is a parent, subsidiary, affiliated

7    organization, shareholder, officer, director, employee, agent, representative, alter ego, or co-

8    conspirator of Advance America and is in some manner responsible for the acts alleged herein.

9         4.    Venue is proper in this judicial district because plaintiff resides in this district and

10   the complained-of conduct occurred here.

11        5.    Advance America is in the business of providing short-term cash advances to

12   individual customers. A cash advance works like this: the customer writes a check to the

13   company for up to $300.  In exchange, the company pays the customer up to $255 in cash,

14   keeping the difference as a service fee, and agrees not to deposit the customer's check until his or

15   her next payday. The customer must pay the company $300 in cash on or before the due date, or

16   else the company will deposit the customer's check.  On a 14-day, $255 cash advance, the $45

17   fee equates to an annual percentage rate or "APR" of over 460%.

18        6.    In California, cash advances are regulated by the California Deferred Deposit

19   Transaction Law ("CDDTL"), Cal. Fin. Code section 23000 et seq.  Section 23001(a) of the

20   CDDTL defines a "deferred deposit transaction" as "a transaction whereby a person defers

21   depositing a customer's personal check until a specific date, pursuant to a written agreement for

22   a fee or other charge . . . ." Cash advances that comply with the CDDTL are exempt from the

23   usury provisions of the California Constitution.

24        7.    The CDDTL imposes the following duties on licensees (i.e., those persons who

25   are authorized to make deferred deposit transactions to customers):

26            A.    The licensee must refrain from including any unconscionable provision in

27   its deferred deposit contract (see Cal. Fin. Code section 23035(h)(5));

28

CLASS ACTION COMPLAINT                    -2-

B.    Before entering into the deferred deposit transaction, the licensee must give the customer a written notice, in the language principally used by the customer, that describes the customer's rights and duties in the transaction (see Cal. Fin. Code sections 23035(c) and (f));

C.    The licensee must not charge a fee for a deferred deposit transaction in excess of 15% of the face amount of the check (see Cal. Fin. Code section 23036(a));

D.    The licensee must not charge a fee to extend, renew or roll-over a deferred deposit transaction (see Cal. Fin. Code section 23036(b));

E.    The licensee must not permit a customer to pay off all or a portion of one deferred deposit transaction with the proceeds of another (see Cal. Fin. Code section 23037(a)); and

F.    The licensee must not enter into an agreement for a deferred deposit transaction during the period of time that an earlier written agreement for a deferred deposit transaction for that same customer is in effect (see Cal. Fin. Code section 23036(c)).

8.    In late 2005 or early 2006, plaintiff obtained a cash advance from one of Advance America's branches in San Diego County. Plaintiff gave Advance America a check for approximately $300, and in exchange, Advance America gave plaintiff approximately $255 in cash, keeping the difference as a service fee. The transaction was memorialized in a standardized written contract. Advance America failed to give plaintiff any written disclosures of her rights or obligations before she entered into the contract. Plaintiff was unable to repay the cash advance by the original due date. As a result, Advance America charged plaintiff a fee to extend that date. On the new due date, Advance America electronically deducted approximately $300 from plaintiff's bank account. The total fees that plaintiff paid in connection with the deferred deposit transaction exceeded 15% of the face amount of her check.

9.    The cash advance contract between plaintiff and Advance America contained an unconscionable class action waiver clause. This clause is unenforceable under California law, because the cash advance contract was a contract of adhesion, and the disputes between the contracting parties predictably involve small amounts of damages. Furthermore, Advance

CLASS ACTION COMPLAINT                    -3-

America has superior bargaining power, and it has carried out a scheme to deliberately cheat large numbers of customers out of individually small sums of money.

### CLASS ALLEGATIONS

10.    Class Definition.  Plaintiff brings this lawsuit on her own behalf and as a class action under Cal. Code Civ. Proc. section 382 and Cal. Civ. Code section 1781(b).  The class ("Class") that plaintiff seeks to represent is defined as follows:  "All persons who, during the applicable statute of limitations, obtained a cash advance from Advance America in the State of California."  Plaintiff also seeks to represent the following subclasses:

A.    Subclass A is defined as: "All Class members who were not given a written notice, in the language principally used by that customer, explaining the customer's rights and duties prior to entering into the cash advance transaction with Advance America."

B.    Subclass B is defined as: "All Class members who were charged fees by Advance America to extend, renew, or roll-over their cash advances, or who otherwise paid fees in excess of 15% of the face amount of their checks (not including a $15 dishonored check fee authorized under Cal. Fin. Code section 23036(e))."

C.    Subclass C is defined as: "All Class members who were permitted by Advance America to pay off all or a portion of one cash advance transaction with the proceeds of another."

D.    Subclass D is defined as: "All Class members who entered into an agreement for a cash advance transaction with Advance America during the period of time that an earlier written agreement for a cash advance transaction was in effect."

E.    Subclass E is defined as: "All Class members who paid off their cash advance transaction with Advance America by means of an electronic deduction of funds from their bank account."

11.    Ascertainable Class.  The Class and Subclasses are ascertainable in that their members may be identified and located using information contained in Advance America's business records.

/////

CLASS ACTION COMPLAINT                -4-

1  individual members of the Class to redress the wrongs done to them, while an important public

2  interest will be served by addressing the matter as a class action. The cost to the court system of

3  adjudication of such individualized litigation would be substantial. Individualized litigation

4  would also present the potential for inconsistent or contradictory judgments.

5  <div align="center">FIRST CAUSE OF ACTION<br>Violation of the Cal. Deferred Deposit Transaction Law<br>(By the Class and Each Subclass)</div>

6

7      17.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

8      18.    Advance America included an unconscionable class action waiver clause in the

9  deferred deposit contract Advance America entered into with plaintiff and the other Class

10  members, in violation of Cal. Fin. Code section 23035(h)(5).

11      19.    Advance America failed to give plaintiff or the other members of Subclass A

12  written notice of their rights and duties prior to entering into their cash advance transactions, in

13  violation of Cal. Fin. Code sections 23035(c) and (f).

14      20.    Advance America charged plaintiff and the other members of Subclass B a fee to

15  extend, renew, or roll-over their cash advance transactions, and collected fees from plaintiff and

16  the other members of Subclass B in excess of 15% of the face amount of their checks, in

17  violation of Cal. Fin. Code sections 23036(a) and (b).

18      21.    To the extent that the transaction described in paragraph 8 is construed as two

19  separate cash advance transactions rather than a single transaction, then Advance America

20  permitted plaintiff and the other members of Subclass C to pay off all or a portion of one cash

21  advance with the proceeds of another, in violation of Cal. Fin. Code section 23037(a).

22      22.    To the extent that the transaction described in paragraph 8 is construed as two

23  separate cash advance transactions rather than a single transaction, then Advance America

24  entered into an agreement for a cash advance transaction with plaintiff and the other members of

25  Subclass D during the period of time that an earlier written agreement for a cash advance

26  transaction was in effect, in violation of Cal. Fin. Code section 23036(c).

27      23.    For plaintiff and the other members of Subclass E, Advance America

28  electronically deducted the funds to pay off their cash advance transactions from their bank

CLASS ACTION COMPLAINT          -6-

1    29.    Pursuant to Cal. Bus. & Prof. Code section 17203, plaintiff and the Class seek an

2    order enjoining Advance America from continuing its acts of unfair competition and restoring to

3    plaintiff and the other Class members all money that was acquired from them by means of

4    Advance America's acts of unfair competition, in amounts to be proved at trial.

THIRD CAUSE OF ACTION
Violation of the Cal. Consumer Legal Remedies Act
(By the Class and Each Subclass)

7    30.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

8    31.    Plaintiff and the members of the Class and each Subclass are "consumers" under

9    Cal. Civ. Code section 1761(d).

10    32.    Advance America is a "person" under Cal. Civ. Code section 1761(c).

11    33.    The cash advance service provided by Advance America is a "service" under Cal.

12    Civ. Code section 1761(b).

13    34.    The cash advance transactions entered into between plaintiff, as well as the

14    members of the Class, and Advance America are "transactions" under Cal. Civ. Code section

15    1761(e).

16    35.    By inserting an unconscionable class action waiver into its standard cash advance

17    contract, Advance America committed an unfair method of competition and/or an unfair or

18    deceptive act or practice that damaged plaintiff and the members of the Class, in violation of Cal.

19    Civ. Code section 1770(a)(19).

20    36.    Pursuant to Cal. Civ. Code section 1780(a)(2), plaintiff and the Class seek an

21    order enjoining Advance America (a) from attempting to enforce its unconscionable class action

22    waiver, and (b) from including an unconscionable class action waiver in any of its future cash

23    advance contracts.

24    37.    Pursuant to Cal. Civ. Code section 1780(d), plaintiff is entitled to reasonable

25    attorney's fees and costs, in amounts to be proved at trial.

PRAYER

27    WHEREFORE, plaintiff requests entry of judgment, on behalf of herself and the other

28    Class members, against defendants, and each of them, as follows:

CLASS ACTION COMPLAINT                          -8-

1.    For compensatory damages according to proof;

2.    For an order requiring defendants to disgorge and/or make restitution of all amounts obtained as a result of their illegal conduct;

3.    For an order enjoining defendants from enforcing their unconscionable class action waiver clause and from including an unconscionable class action waiver clause in any cash advance contract.

4.    For three times the amount of damages the Class members actually incurred;

5.    For reasonable attorney's fees and costs of suit;

6.    For punitive damages; and

7.    For such other relief as the Court deems proper.

Dated: July *16*, 2008

DOSTART CLAPP GORDON & COVENEY, LLP
McINERNEY & JONES

_____
JAMES F. CLAPP
Attorneys for Plaintiff

CLASS ACTION COMPLAINT                    -9-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7060

PLAINTIFF(S) / PETITIONER(S):      Kerrie Stone

DEFENDANT(S) / RESPONDENT(S):  Advance America Cash Advance Centers Inc et.al.

STONE VS. ADVANCE AMERICA CASH ADVANCE CENTERS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00087796-CU-BT-CTL |
|---|---|

Judge:  Yuri Hofmann                                      Department: C-60

**COMPLAINT/PETITION FILED:** 07/16/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  JEFFREY W. NEWMAN
ADVANCE AMERICA, CASH ADVANCE CENTERS,
135 N. CHURCH STREET
SPARTANBURG, SC 29306-

SOP Transmittal # **DE29378**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ADVANCE AMERICA, CASH ADVANCE CENTERS, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of     DELAWARE        on this  25  day of       July       ,  2008  . The following is a summary of the document(s) received:

1. **Title of Action:** Kerri Stone vs. Advance America, Cash Advance Centers, Inc.; Advance America, Cash Advance Centers of California, LLC; Does 1 through 50, inclusive

2. **Document(s) served:**

| | | |
|---|---|---|
| **x** Summons | __ Subpoena | __ Injunction |
| __ Complaint | __ Third Party Complaint | **x** Notice of Case of Assignment |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | **x** Other: Class Action Complaint, Notice to Litigants/ADR Information Package, Stipulation to Alternative |

3. **Court of Jurisdiction/**  Superior Court, San Diego County, California
   **Case & Docket Number:** 37-2008-00087796 CU BT CTL

4. **Amount Claimed, if any:** excess of 25000.00

5. **Method of Service** (select one):
   **x** Personally served by:  **x** Process Server    __ Deputy Sheriff    __ U. S Marshall
   __ Delivered Via:    __ Certified Mail    __ Regular Mail    __ Facsimile
                                  (Envelope enclosed)    (Envelope enclosed)
   __ Other (Explain):

6. **Date and Time of Service:** 7/25/2008 4:24:52 PM EST (GMT -5)

7. **Appearance/Answer Date:** 30 Days

8. **Plaintiff's Attorney:**  James F Clapp
   (Name, Address & Telephone Number)  DOSTART CLAPP GORDON & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
   San Diego, California 92122
   858.623.4200

9. **Federal Express Airbill #** 798486113865

10. **Call Made to:** JEFFREY W. NEWMAN

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**    **Copies To:**

Transmitted by: Debbie  Sealund

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

### ORIGINAL

1 | James G. Sandler, Bar No. 067407
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
2 | 402 West Broadway, Suite 1700
San Diego, CA 92101-3542
3 | Telephone (619) 235-5655
Facsimile (619) 235-5648
4 | Email: jsandler@sllbv.com

5 | Attorneys for Defendants
Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of
6 | California LLC

7

8 | **IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10

11 | KERRIE STONE,                              Case No.

12 |          Plaintiff,                        DECLARATION OF JEFFREY
          v.                                 NEWMAN

13 | ADVANCE AMERICA, CASH ADVANCE
CENTERS INC., ADVANCE AMERICA,
14 | CASH ADVANCE CENTERS OF
CALIFORNIA, LLC, and DOES 1 through 50,
15 | inclusive,

16 |          Defendants.

17

18 |         I, Jeffrey Newman, hereby declare as follows:

19 |         1.      My name is Jeffrey Newman. I am Corporate Counsel for Advance America, Cash

20 | Advance Centers, Inc. ("Centers"). I make the following declaration of my own personal knowledge

21 | and if called as a witness would testify consistently hereto.

22 |         2.      Centers is the parent company of Advance America, Cash Advance Centers of

23 | California LLC ("Advance America/California").

24 |         3.      In my capacity as Corporate Counsel for Centers, I am authorized to give this

25 | declaration on behalf of both Centers and Advance America/California.

26 |         4.      Centers is a Delaware corporation with its principal place of business in Spartanburg,

27 | South Carolina.

28

5.    Centers does not transact, and has never transacted, business in the State of California. [1]

6.    I am personally familiar with the Deferred Deposit Transaction Agreement ("Customer Agreement") executed by and between Plaintiff Kerri Stone and Advance America/California.

7.    The Customer Agreement provides the terms and conditions upon which Advance America/California makes loans to its California customers.

8.    I am familiar with the practices and polices, amount and type of business generated revenue, and the contractual obligations of Advance America/California.

9.    I have reviewed the Complaint filed in the Superior Court of California, San Diego County, in the above-captioned action (the "Complaint") and am familiar with the allegations and claims for relief asserted.

10.    In calendar years 2006 – 2008, Advance America/California transacted business with more than 100 customers. Specifically, during the period January 2006 through June 2008, Advance America/California transacted business with over 32,228 individuals. Having reviewed the Complaint, these customers appear to meet the criteria for inclusion in the putative class.

///

///

///

///

///

///

---

[1]    Advance America, Cash Advance Centers of California, Inc. began business on August 27, 1998. Advance America, Cash Advance Centers of California, Inc. converted to an LLC on September 30, 2000. Advance America, Cash Advance Centers of California, LLC merged with McKenzie Check Advance of California, LLC d/b/a National Cash Advance (commenced business June 24, 1998) on June 30, 2003.

1        11.    In calendar years 2006 – 2008, Advance America/California derived revenue

2  comprised of fees and interest charged to its customers in California totaling in excess of $5 million.

3  For the period January 2006 through June 2008, the fees collected amounted to approximately $35.4

4  million.

5        I declare under penalty of perjury under the laws of the State of California that the foregoing

6  is true and correct.  Executed this 19th day of August 2008.

7

8

9                                    Jeffrey Newman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>STONE v. ADVANCE AMERICA, ET AL. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):                    TELEPHONE NO.:<br><br>James G. Sandler, Bar No. 067407<br>Richard M. Valdez, Bar No. 156957            Tel:  (619) 235-5655<br>**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**   Fax: (619) 235-5648<br>402 West Broadway, Suite 1700<br>San Diego, CA 92101-3542<br><br>ATTORNEY FOR (NAME): Defendants | | |
| ATTORNEYS FOR:<br>Advance America, Cash Advance Centers,<br>Inc., Advance America and Cash Advance<br>Centers of California, LLC | HEARING DATE – TIME | CASE NUMBER: |

## PROOF OF SERVICE

I am a resident of the state of California over the age of eighteen years, and not a party to the within action.  My business address is SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP, 402 West Broadway, Suite 1700, San Diego, CA 92101-3542.  On August 21, 2008, I served the within documents:

    1.    DEFENDANTS' NOTICE OF REMOVAL

    2.    CIVIL COVER SHEET

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐    by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Executed on August 21, 2008, at San Diego, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

*Marcella V. Brodersen*
Marcella V. Brodersen

SERVICE LIST

James F. Clapp, Esq.
Marita M. Lauinger, Esq.
Dostart Clapp Gordon & Coveney, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Telephone: (858) 623-4200
Fax: (858) 623-4299


Attorneys for Plaintiff, Kerrie Stone

Kevin J. McInerney, Esq.
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
Telephone: (775) 849-3811
Fax: (775) 849-3866


Attorneys for Plaintiff, Kerrie Stone

Lewis S. Wiener, Esq.
Gail G. Westover, Esq.
Brendan Ballard, Esq.
Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 383-0100
Fax: (202) 637-3593
E-mail: lewis.wiener@sutherland.com
        Gail.westover@sutherland.com
        Brendan.ballard@sutherland.com


Attorneys for Defendants, Advance America,
Cash Advance Centers, Inc., Advance America
and Cash Advance Centers of California, LLC

Lawrence A. Dany, Esq.
Sutherland Asbill & Brennan, LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Fax: (212) 389-5099
E-mail: larry.dany@sutherland.com


Attorneys for Advance America, Cash Advance
Centers, Inc., Advance America and Cash Advance
Centers of California, LLC

PROOF OF SERVICE

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154341     — MB**

**August 21. 2008
14:55:08**

**Civ Fil Non-Pris**
USAO #.: O8CV1549 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                     $350.00 CK
Check#.: BC8726

**Total—>   $350.00**

FROM: KERRIE STONE VS
      ADVANCE AMERICA, ET AL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS    08 AUG 21  PM 2: 53 |
|---|---|
| Kerrie Stone | Advance America, Cash Advance Centers, Inc., Advance America and Cash Advance Centers of California, LLC |
| **(b)** County of Residence of First Listed Plaintiff  San Diego, California | County of Residence of First Listed Defendant    Delaware |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) (858) 623-4200 | Attorneys (If Known)    (619) 235-5655 |
| James F. Clapp, Dostart Clapp Gordon & Coveney, LLP, 4370 La Jolla Village Drive, Suite 970, San Diego, CA 92122 | James G. Sandler, Sandler, Lasry, Laube, Byer & Valdez LLP , 402 West Broadway, Suite 1700, San Diego, CA 92101-3542 |

'08 CV 15 49 WQH WMc

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | | | |
|---|---|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | | | | |
| ☐ 1  U.S. Government  Plaintiff | ☐ 3  Federal Question  (U.S. Government Not a Party) | | PTF | DEF | | PTF | DEF |
| | | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place  of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2  U.S. Government  Defendant | ☒ 4  Diversity  (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place  of Business In Another State | ☐ 5 | ☒ 5 |
| | | Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

| V. ORIGIN (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1  Original  Proceeding | ☒ 2  Removed from  State Court | ☐ 3  Remanded from  Appellate Court | ☐ 4  Reinstated or  Reopened | ☐ 5  Transferred from  another district  (specify) | ☐ 6  Multidistrict  Litigation | ☐ 7  Judge from  Magistrate  Judgment |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): |
|---|---|
| | 28 U.S.C. Section 1332(d) |
| | Brief description of cause: |
| | Class Action Complaint regarding Consumer Issues |

| VII. REQUESTED IN  COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION  UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:  JURY DEMAND:  ☐ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)  IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE  8-21-08 | SIGNATURE OF ATTORNEY OF RECORD  James H. Sandler |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #  15434    AMOUNT  $350.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

PB 08/21/08

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.