1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile  (619) 235-5648

5  Lewis S. Wiener, admitted *pro hac vice*
   Gail G. Westover, admitted *pro hac vice*
6  Lawrence A. Dany III, admitted *pro hac vice*
   Brennan Ballard, admitted *pro hac vice*
7  **SUTHERLAND ASBILL & BRENNAN LLP**
   1275 Pennsylvania Avenue, N.W.
8  Washington, DC 20004-2415
   Telephone:   202-383-0100
9  Facsimile:   202-637-3593

10 Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and
   Cash Advance Centers of California LLC
11

12

13              IN THE UNITED STATES DISTRICT COURT

14              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| KERRIE STONE, | Case No. 3:08-cv-01549-WQH-WMC |
| Plaintiff, | DEFENDANTS' SUPPLEMENT TO *EX PARTE* MOTION FOR LEAVE TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD |
| v. | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC, in accordance with Local Rule 12.1, file this supplemental motion for an Order extending Defendants' deadline for filing their Answer or other responsive pleading to the Complaint to September 25, 2008. In support of this motion, Defendants tender the accompanying Declaration of Lewis S. Wiener and state as follows:

1

8021283.1

1. Plaintiff's Complaint was filed July 16, 2008, served on Defendants on July 25, 2008, and timely removed to this court on August 21, 2008 pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act.

2. At the time of removal on August 21, 2008, Defendants understood that they had 5 days in which to answer or otherwise respond to the Complaint.

3. When the undersigned received the file stamped copies of the removal papers, the filing date of the removal was inadvertently and incorrectly calendared as August 27, 2008, not August 21, 2008. The due date for Defendants' Answer or other responsive pleading was therefore inadvertently and incorrectly calendared as September 4, 2008 (five business days (excluding weekends and holidays) following August 27, 2008).

3. At the time of removal Defendants were, and still are, actively considering the option of filing in lieu of an Answer to the Complaint as the first responsive pleading in this matter a motion for an order staying litigation and compelling arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* in accordance with the terms of the contracts between the parties that form the basis of this putative class action.

4. Given the complexity, time and cost associated with prosecution of the anticipated motion to compel arbitration and the uncertainty whether Plaintiffs will seek remand of this action to state court, thereby raising a question whether the issue of the enforceability of the arbitration provision in the contracts at issue herein will be adjudicated before this court or the state court, Defendants proactively sought to adjourn the deadline for their response to the Complaint until after the expiration of the 30-day period for remand under 28 U.S.C. §1447. Stated otherwise, Defendants wished to avoid having to prepare and file a lengthy motion to compel arbitration prior to knowing whether Plaintiff would be seeking a remand to state court.

5. Thus, on September 4, 2008, believing they were still within the period for filing a timely answer or response to the Complaint, and after having requested Plaintiff's consent to a joint motion for an extension of time, Defendants filed their *Ex Parte* Motion for Leave to Extend Time to Answer in order to ensure that the request to extend the answer or other responsive pleading deadline was timely filed.

6. In preparing the initial *Ex Parte* Motion for Leave to Extend Time to Answer on September 4, 2008, Defendants' counsel correctly noted the August 21, 2008 removal date but did not realize that the answer or other response date of September 4, 2008 had been calculated based on an incorrectly calendared date (August 27, 2008). In fact, the deadline for Defendants to answer or otherwise respond was not September 4, 2008, but August 28, 2008. Consequently, at the time of the filing of the initial *Ex Parte* Motion for Leave to Extend Time to Answer on September 4, 2008, the deadline for Defendants to respond to the Complaint had expired.

7. Defendants file this supplement to the September 4, 2008 motion to apprize the Court of these facts in accordance with their duty of candor and so as not to mislead the Court as to the facts underlying the pending Motion to Extend the Time to Answer or Otherwise Plead. Defendants seek no additional relief in this supplement other than the previously requested extension in which to answer or otherwise respond to the Complaint. The relief requested in the pending Motion to Extend the Time to Answer or Otherwise Plead is the identical relief that would have been requested had the request been filed in advance of the August 28, 2008 deadline.

8. Defendants respectfully request that the Court grant the request for an extension of time to answer or otherwise respond to the Complaint since Defendants' motion for leave was promptly filed upon discovery of the error in calculating Defendant's response date, no default has been requested in this matter, and no prejudice would befall Plaintiff by reason of the 7-day delay in requesting an extension of time in which to answer or otherwise respond.

WHEREFORE, for good cause shown, Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC request the Court to enter an Order extending Defendants' time to answer or otherwise plead to September 25, 2008.

Dated: September 5, 2008

/s/ Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Brendan Ballard, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: 202-383-0100

3

3:08-cv-01549-WQH-WMC

8021283.1

|     |     |
| --- | --- |
| Facsimile: | 202-637-3593 |
| Email: | lewis.wiener@sutherland.com |
|     | gail.westover@sutherland.com |
|     | brendan.ballard@sutherland.com |

Lawrence A. Dany, admitted *pro hac vice*
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:   212-389-5000
Facsimile:    212-389-5099
Email:         larry.dany@sutherland.com

**Attorneys for Defendants Advance America, Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of California LLC**

8021283.1

James G. Sandler, Bar No. 067407
Richard M. Valdez, Bar No. 156957
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone (619) 235-5655
Facsimile (619) 235-5648

Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Lawrence A. Dany III, admitted *pro hac vice*
Brennan Ballard, admitted *pro hac vice*
**SUTHERLAND ASBILL & BRENNAN LLP**
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Telephone:   202-383-0100
Facsimile:    202-637-3593

Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of California LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE,<br><br>          Plaintiffs,<br>v.<br><br>ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 3:08-cv-01549-WQH-WMC<br><br>DECLARATION OF LEWIS S. WIENER IN SUPPORT OF DEFENDANTS' SUPPLEMENT TO *EX PARTE* MOTION FOR LEAVE TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD |

Lewis S. Wiener declares and states as follows:

I am a partner with Sutherland Asbill & Brennan LLP in Washington, D.C. I am over 18 years old, competent to make this declaration and the facts stated herein are based on my personal knowledge.

1

8021362.1

1. I am the partner-in-charge of this case on behalf of the Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC.

2. On September 4, 2008 I, through local counsel, filed in good faith Defendants' Ex Parte Motion for Leave to Extend Time to Answer or Otherwise Plead believing in good faith the response date for Defendants' Answer or other responsive pleading was September 4, 2008. My good faith belief that the response date was September 4, 2008 was based on an internal error in calendaring the filing date of the removal as August 27, 2008 rather than August 21, 2008.

3. Following the filing of Defendants' Motion to Extend Time to Answer I learned that the deadline to file Defendants' Answer or otherwise plead was August 28, 2008. I immediately drafted and filed contemporaneously herewith Defendants' Supplement to Ex Parte Motion for Leave to Extend Time to Answer or Otherwise Plead to advise the court of the facts surrounding the timing of the filing of Defendants' Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of September in Washington, D.C.

/s/Lewis S. Wiener
Lewis S. Wiener

8021362.1