James G. Sandler, Bar No. 067407
Richard M. Valdez, Bar No. 156957
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone (619) 235-5655
Facsimile  (619) 235-5648

Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Lawrence A. Dany III, admitted *pro hac vice*
Brennan Ballard, admitted *pro hac vice*
**SUTHERLAND ASBILL & BRENNAN LLP**
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004-2415
Telephone:    202-383-0100
Facsimile:     202-637-3593

Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of California LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE, | Case No. 3:08-CV-01549-WQH(WMc) |
| Plaintiff, | DEFENDANTS' REPLY IN SUPPORT OF SEPTEMBER 4, 2008 *EX PARTE* MOTION FOR LEAVE TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD |
| v. | |
| ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC (collectively "Defendants"), file this Reply in Support of their September 4, 2008 *Ex Parte* Motion for Leave to Extend Time to Answer or Otherwise Plead. In support of this motion Defendants tender the accompanying Declaration of Lawrence A. Dany III and state as follows:

1

20078

1.      Plaintiff's Opposition to Defendants' September 4, 2008 *Ex Parte* Motion to Extend Time to Answer or Otherwise Respond ("Defendants' Motion for Enlargement of Time") is based on the allegations that (1) Defendants' Motion for Enlargement of Time is untimely, (2) Defendants failed to establish "good cause" or "excusable neglect" to justify their untimely filing, and (3) Plaintiff has requested the entry of default.

2.      Plaintiff is correct that Defendants' Motion for Enlargement of Time was filed out of time. Defendants admitted in their September 5th Supplement to Defendants' Motion for Enlargement of Time that it should have been filed by August 28, 2008. On September 4, 2008, when the undersigned Defendants' counsel filed Defendants' Motion for Enlargement of Time, they believed in good faith that it was timely.[1] As more fully set forth in Defendants' September 5th Supplement, due to an inadvertent, but honest, mistake in the internal calendaring of the removal date and the resultant calendaring of the Rule 81(c) five day response time based on the incorrectly calendared removal date, Defendants' response date was miscalendared as September 4, 2008.

3.      Defendants' mistake, as detailed to the Court in Defendants' September 5th Supplement, constitutes the kind of "inadvertent mistake" or "excusable neglect" that courts have found to excuse the harsh and disproportionate sanction of default – the proverbial death penalty – that Plaintiffs argue should be imposed in this case.

4.      A showing of lack of intent or "culpability" is ordinarily sufficient to demonstrate excusable neglect, inadvertence or mistake. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). "[A] defendant's conduct is 'culpable' if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." Id. at 697 (emphasis in original).

---

[1] Plaintiff alleges in her September 5, 2008 Opposition that when her counsel and one of Defendants' counsel spoke on September 4th, "she advised counsel that the deadline to respond has already passed." Pl's Opp'n at 2. Confirming Defendants' counsel's good faith belief that the response date was September 4th "Defendants' counsel disagreed and said he believed the deadline was September 4, 2008." Id. Absent from Plaintiff's counsel's description is mention of the fact that, as more fully set forth in the Dany Declaration, Defendants' counsel noted during the conversation that Plaintiff's counsel may have been mistaken about the response deadline because she had failed to account for the Labor Day holiday and included that day in her calculation of the Rule 81(c) five day response time (which excludes consideration of weekends and holidays). See Dany Declaration ¶ 6. Because Defendants' counsel did not know at the time the Motion was late, he could not explain what he did not know. It seems somewhat disingenuous for Plaintiff to cite Defendants' lack of explanation for the late filing as justification for her opposition when Defendants' counsel told opposing counsel he did not believe the filing was late and, as has since been admitted, did not find out about the error until after the Motion for Enlargement of Time was filed.

Stated otherwise, "[a]defendant's conduct is culpable where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. By contrast, "neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not "intentional" under our default cases." Id.

5. The Defendants in this case have offered an honest, credible, timely and good faith explanation for their conduct negating any argument their conduct was in any way intentional or done to prejudice opposing counsel or this court. There is simply no basis for the court to conclude that Defendants intentionally failed to answer or have acted in bad faith. Consistent with Knoebber, therefore, a default should not be entered against Defendants and their Motion for Enlargement of Time should be granted.

6. The undersigned Defendants' counsel does not dismiss lightly the circumstances surrounding the untimely filing of Defendants' Motion for Enlargement of Time. As soon as the undersigned recognized the mistake, **and independent of Plaintiff moving for the entry of default**, the undersigned immediately filed Defendant's September 5th Supplement to the Motion for Enlargement of Time acknowledging Defendants' mistake and explaining the facts that led to that result.

7. Plaintiff asserts in opposition to Defendants' Motion for Enlargement of Time that the Court should deny Defendants' Motion because she has requested entry of default. Pl's Opp'n at 1. Plaintiff, however, did not request the entry of default until the day after Defendants' Motion had been filed, and after Defendants' counsel called in good faith to request Plaintiff's counsel's consent to an enlargement of time, thereby establishing unambiguously Defendants' intent to defend this action. Plaintiff's after-the-fact request for default does not establish a valid basis for the Court to deny Defendants' Motion.

8. Plaintiffs further opposes Defendants' Motion for Enlargement of Time, but really argues in favor of the entry of default, by relying on Speiser, Krause & Madole, P.C. v. Ortiz, 271 F.3d 884, 886-87 (9th Cir. 2001) and Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140 (9th Cir. 1975). Plaintiff's Opposition at 1-2. Both cases are notable for the respective defendant's overt

20078

failure to take any action following removal and other of defense counsel's egregious conduct, which is absent from the case before this court. Neither case compels either the entry of default or the denial of Defendants' Motion for Enlargement of Time.

9. In Speiser, the defendant, who was an attorney representing himself, failed to file an answer in state court more than three months after the case was filed. After being threatened with default (and still having failed to file an answer), the defendant removed the case to federal court where he again failed to file an answer. Speiser, 271 F.3d at 885-86. After a several month delay, the defendant asked the court to excuse his conduct and not enter a default judgment because he claimed he did not understand the requirements of Rule 81(c) of the Federal Rules. Id. at 886. Similarly, in Savarese, default judgment was entered after the defendant's eight month failure to answer the complaint following removal. Defendant's counsel claimed his failure should be excused because he lacked a basic understanding of the federal rules of practice. Savarese, 513 F.2d at 146-47. In both cases, the courts entered default judgments only after long, unexcused periods of inactivity by the defendants following removal and only after it appeared defendants were unable or unwilling to diligently and effectively defend their and/or their client's interests; the kind of egregious conduct defined by the court in Knoebber as "culpable." Each defendant's lack of diligence in answering the respective complaints and delay caused by defendant's negligent conduct prejudiced the respective plaintiffs thereby justifying the courts' entry of default judgments.

10. Unlike Speiser, and contrary to Plaintiff's unsupported allegations, the undersigned did not misunderstand Rule 81(c) of the Federal Rules of Civil Procedure. Plaintiff's Opposition at 3 ("Defendants appear to have misunderstood [Rule 81(c)].") Likewise, there is no evidence to support Plaintiff's suggestion that the undersigned lacks a basic understanding of the federal rules of practice and is incapable of defending this case in federal court, as was the case in Savarese. The mistake underlying Defendants' untimely filing was not a function of misunderstanding Rule 81(c). Rather, the undersigned Defendants' counsel correctly calendared a five day response period consistent with Rule 81(c) but did so based upon an inadvertently calendared removal date (August 27 rather than August 21).

20078

11. In addition, and unlike Speiser and Savarese, Defendants' conduct in this case does not even remotely approach the level of egregiousness that justified the entry of default in those cases. Further, Plaintiff has suffered no prejudice as a consequence of Defendants' counsel's mistake and one week delay in requesting an enlargement of time to respond to Plaintiff's complaint.[2] To be prejudicial, the Court must find that Plaintiff's ability to pursue her claim has been or will be hindered unless default is entered. TCI, 244 F.3d at 701 ("Examples of hindrance include the loss of evidence, increased difficulties of discovery, or a greater opportunity for fraud or collusion.")

12. Plaintiff herein did not move for default prior to Defendants requesting an enlargement of time (and prior to Defendants' Counsel's call requesting in good faith Plaintiff's consent to the enlargement) and has not alleged any prejudice resulting from Defendants' counsel's mistake or that would result from the court granting Defendants' Motion for Enlargement of Time. Given the early procedural posture of this case, the question regarding whether Plaintiff will seek remand, and the significant factual and legal issues presented in the Complaint, Defendants' request for a modest enlargement of time to respond is reasonable. Moreover, the relief requested in the pending Motion for Enlargement of Time is the identical relief that would have been requested had the request been filed in advance of the August 28, 2008 deadline. Other than seizing on the inadvertent untimeliness of Defendants' Motion for Enlargement of Time, which has now been fully explained to the Court and to Plaintiff's counsel, Plaintiff can prove no prejudice and offers no substantive basis to support her objection to the relief requested in Defendants' Motion.

13. The undersigned offers his sincere apologies for the mistake that was made in the inadvertent miscalendaring of the removal date and the resulting missed response date. That mistake, however, does not justify the disproportionate penalty of the entry of default as requested

---

[2] As noted in Defendant's Motion for Enlargement of Time, the reason underlying Defendants' requested enlargement was to, among other things, try to streamline the case and avoid filing a substantive motion to compel arbitration until it was clear the case would remain in this court. Specifically, Plaintiff has until September 20, 2008 to move to remand this case to State court. In the event Plaintiff moves to remand, from Defendants' perspective, it makes sense to resolve the jurisdictional issue and determine whether this case will be adjudicated in state or federal court before burdening perhaps the incorrect court a substantive motion to compel arbitration.

5

3:08-CV-01549-WQH(WMc)

20078

1  by Plaintiff and should not compel the court to deny Defendants' otherwise reasonable request for
2  enlargement of time.
3        WHEREFORE, for the reasons set forth herein and in Defendant's *Ex Parte* Motion to
4  Extend Time to Answer or Otherwise Response and for good cause shown, Defendants Advance
5  America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California
6  LLC request the Court to enter an Order extending Defendants' time to answer or otherwise plead to
7  September 25, 2008 and to direct the Clerk of the Court to reject Plaintiff's Request for Entry of
8  Default.

10  Dated: September 8, 2008

      /s/ Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Brendan Ballard, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:    202-383-0100
Facsimile:    202-637-3593
Email:        lewis.wiener@sutherland.com
              gail.westover@sutherland.com
              brendan.ballard@sutherland.com

Lawrence A. Dany, admitted *pro hac vice*
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:    212-389-5000
Facsimile:    212-389-5099
Email:        larry.dany@sutherland.com

**Attorneys for Defendants Advance America,
Cash Advance Centers, Inc. and Advance America,
Cash Advance Centers of California LLC**

20078

1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile  (619) 235-5648

5  Lewis S. Wiener, admitted *pro hac vice*
   Gail G. Westover, admitted *pro hac vice*
6  Lawrence A. Dany III, admitted *pro hac vice*
   Brennan Ballard, admitted *pro hac vice*
7  **SUTHERLAND ASBILL & BRENNAN LLP**
   1275 Pennsylvania Avenue, N.W.
8  Washington, DC 20004-2415
   Telephone:    202-383-0100
9  Facsimile:     202-637-3593

10 Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and
   Cash Advance Centers of California LLC
11

12

13              IN THE UNITED STATES DISTRICT COURT

14             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15 | KERRIE STONE,                          | Case No. 3:08-CV-01549-WQH(WMc)
16 |         Plaintiffs,                    | REPLY DECLARATION OF
   |    v.                                  | LAWRENCE A. DANY III IN
17 |                                        | SUPPORT OF DEFENDANTS'
   | ADVANCE AMERICA, CASH ADVANCE          | SEPTEMBER 4, 2008 *EX PARTE*
18 | CENTERS INC., ADVANCE AMERICA,         | MOTION FOR LEAVE TO EXTEND
   | CASH ADVANCE CENTERS OF                | TIME TO ANSWER OR OTHERWISE
19 | CALIFORNIA, LLC, and DOES 1 through 50,| PLEAD
   | inclusive,
20 |
   |         Defendants.
21

22

23      I, Lawrence A. Dany III, declare and state as follows:

24      1.      I am an associate with Sutherland Asbill & Brennan LLP in New York, New York. I

25 am over 18 years old and competent to make this declaration. The facts stated herein are based on

26 my own personal knowledge and if called as a witness would testify consistently hereto.

27

28
                                        1
                                                            3:08-CV-01549-WQH(WMc)

20077

2.    I am an attorney representing Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC in the above-captioned matter (collectively "Defendants").

3.    On September 4, 2008, I personally spoke with Plaintiff's counsel to request consent to file a Joint Motion for Leave to Extend Time to Answer or Otherwise Plead believing in good faith the response date for Defendants' Answer or other responsive pleading was September 4, 2008.

4.    During the call, I said that Defendants would likely be seeking to compel arbitration, and for the sake of economy, Defendants wanted to adjourn the deadline for the filing of an answer or other response from September 4 to September 25, 2008, five days after the September 20, 2008 (30-day) deadline for remand under 28 U.S.C. §1447. Defendants' intent to defend this case was clearly represented. The only question was one of the timing of the filing of Defendants' answer or other responsive pleading.

5.    Plaintiff's counsel responded that they may not be seeking remand, and that the deadline for Defendants to answer or otherwise respond to the complaint had passed. Plaintiff's counsel did not say that she believed the deadline to answer was August 28, 2008.

6.    It was my understanding that counsel's statement that the deadline to answer or otherwise respond had passed was due to plaintiff's counsel's error in counting a federal holiday – Memorial Day, Monday, September 1, 2008 – as part of the five day response time in Rule 81(c). Consequently, I noted to Plaintiff's counsel that the deadline had not passed since September 1 had been a federal holiday and the five day response time did not include weekends or holidays. Plaintiff's counsel made no further statements as to Defendants' deadline for answering the complaint, but stated only that someone would contact me with their decision as to whether or not they would agree to the request for an extension of time.

7.    On September 4, 2008, I personally spoke for a second time with Plaintiff's counsel, during which conversation I was informed that Plaintiff would not consent to the request for an extension of time. No reason was provided as to why Defendant's request was denied.

8.    Following the filing of Defendants' Motion to Extend Time to Answer, I discovered that the deadline to file Defendants' Answer or otherwise plead was August 28, 2008. We

1 | immediately drafted and filed a Supplement to Ex Parte Motion for Leave to Extend Time to Answer
2 | or Otherwise Plead to advise the court of the facts surrounding the timing of the filing of Defendants'
3 | Motion. That supplement was filed on September 5, 2008.
4 |     I declare under penalty of perjury under the laws of the State of California that the foregoing
5 | is true and correct. Executed this 8th day of September in New York, New York.

                              /s/ Lawrence A. Dany III
                              Lawrence A. Dany III