1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile  (619) 235-5648

5  Lewis S. Wiener, admitted *pro hac vice*
   Gail G. Westover, admitted *pro hac vice*
6  Lawrence A. Dany III, admitted *pro hac vice*
   Brennan Ballard, admitted *pro hac vice*
7  **SUTHERLAND ASBILL & BRENNAN LLP**
   1275 Pennsylvania Avenue, N.W.
8  Washington, DC 20004-2415
   Telephone:   202-383-0100
9  Facsimile:    202-637-3593

10 Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of California LLC

11

12

13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15 | KERRIE STONE,                          | Case No. 3:08-CV-01549-WQH(WMc)
16 |            Plaintiff,                  | DEFENDANTS' OBJECTION TO
   |      v.                                | PLAINTIFF'S SEPTEMBER 5, 2008
17 |                                        | REQUEST FOR ENTRY OF
   | ADVANCE AMERICA, CASH ADVANCE          | DEFAULT
18 | CENTERS INC., ADVANCE AMERICA,         |
   | CASH ADVANCE CENTERS OF                |
19 | CALIFORNIA, LLC, and DOES 1 through 50,|
   | inclusive,                             |
20 |                                        |
   |            Defendants.                 |
21

22

23      TO:    THE CLERK OF THE ABOVE-CAPTIONED COURT:

24      Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash

25 Advance Centers of California LLC (collectively "Defendants"), file this Objection to Plaintiff's

26 September 5, 2008 Request for Entry of Default. In support of this Objection, Defendants tender the

27 accompanying Declaration of Lawrence A. Dany III ("Dany declaration") and state as follows:

28

                                              1

20079

1.      On September 4, 2008, Defendants made an appearance in this case by way of filing an ex parte motion for leave to answer or otherwise plead ("motion for enlargement of time to answer"), which is attached hereto as Exhibit A. In that motion, Defendants requested additional time **so that it could answer or otherwise plead in this case**.[1] That appearance was made <u>after</u> Defendants' Washington, D.C. and New York attorneys were admitted *pro hac vice* to defend this action on behalf of Defendants.

2.      On September 5, 2008, the day <u>after</u> Defendants filed their Motion for Enlargement of Time to Answer of Otherwise Plead, Plaintiff requested that the Clerk of this Court enter a default against Defendants because they have "not filed an answer or other responsive pleading." Request at 2. Plaintiff's request to the clerk for entry of default should be rejected because **Defendants have appeared and manifested an intent to answer and otherwise defend this action.**

3.      Under Rule 55(a), the clerk may enter default **only** where a defendant has "failed to answer or otherwise defend" a complaint. However, where a defendant appears and indicates an intent to contest an action, the clerk **must refuse to enter default**. <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u>, 840 F.2d 685, 689 (9th Cir. 1998) (No default may be entered if the defendant has appeared and indicated its intent to defend the action. Once the defendant has appeared, a default entered by the clerk is void *ab initio*. Because defaults are disfavored, a court will try and find that there has been an appearance by the defendants. An appearance can be found even when there are only exchange of letters and a series of meetings where it is clear the matter will be contested.); <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1317 (11th Cir. 2002) (affirming denial of entry of default under Rule 55(a) despite defendant's untimely filing of a motion to dismiss, where defendant participated in the removal of the action to federal court and

---

[1] The facts underlying this matter and explaining Defendants' late filing of their Motion for Enlargement of Time are more fully set forth in Defendants' September 5, 2008, Supplement to *Ex Parte* Motion for Leave to Extend Time to Answer of Otherwise Plead, attached hereto as Exhibit B. In summary, when they filed their September 4th *Ex Parte* Motion for Leave to Extend Time, Defendants did not know the motion was untimely. Defendants learned only after the Motion was filed that the undersigned counsel mistakenly calendared the removal date for this matter as August 27th, not August 21st and calculated the Rule 81(c) five-day response time as September 4th based on the incorrectly calendared removal date. Upon learning of the error, Defendants immediately filed their September 5th Supplement to explain the facts to the Court.

counsel for defendant filed a notice of appearance **before the filing of the request for default**.); 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2682 (Sup. 2008) (collecting cases).

4. In this case, Defendants have already appeared and indicated a clear and unambiguous intent to defend this action, thus negating the critical element of Plaintiff's application and compelling that the application be denied.[2] Specifically, Defendants' Motion for Enlargement of Time constitutes an appearance and manifests Defendants' clear intent to answer or otherwise defend this action. Therein, Defendants specifically requested an enlargement of time for Defendants to file an answer or otherwise plead. The title of the Motion itself (Defendants' Motion for Leave to Extend Time **to Answer or Otherwise Plead**) reflects Defendants' intent. Def. *Ex Parte* Mot. for Leave to Extend Time to Answer or Otherwise Plead. Defendants' intent to defend is manifested clearly in the September 4th Motion for Enlargement of Time and was discussed specifically with Plaintiff's counsel prior to the filing of the Motion. (Dany Declaration ¶ 4). Similarly, Defendants'

---

[2] Plaintiff's request for the entry of default will undoubtedly be followed by a request for the entry of default judgment. In cases where the Ninth Circuit has affirmed the entry of default judgments against parties who failed to file an answer, the conduct that compelled the entry of default judgment was egregious, even outrageous, and followed defendant's overt failure to take any action for months following removal, facts which are absent from this case.

In Speiser, Krause & Madole, P.C. v. Ortiz, 271 F.3d 884, 886-87 (9th Cir. 2001), the defendant, who was an attorney representing himself, failed to file an answer in state court more than three months after the case was filed. After being threatened with default (and still having failed to file an answer), the defendant removed the case to federal court where he again failed to file an answer. Speiser, 271 F.3d at 885-86. After a several month delay (during which the defendant still did not file an answer), the defendant asked the court to excuse his conduct and not enter a default judgment because he claimed he did not understand the requirements of Rule 81(c) of the Federal Rules. Id. at 886. Similarly, in Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140 (9th Cir. 1975), default judgment was entered after the defendant's eight month failure to answer the complaint following removal. Defendant's counsel claimed his failure should be excused because he lacked a basic understanding of the federal rules of practice. Savarese, 513 F.2d at 146-47. In both cases, the courts entered default judgments only after long, unexcused periods of inactivity by the defendants following removal and only after it appeared defendants were unable or unwilling to diligently and effectively defend their and/or their client's interests; the kind of egregious conduct defined by the court in TCI Group Life Ins. Plan v. Knoebber, 244F.3d 691, 696 (9th Cir. 2001) as "culpable."

Unlike Speiser, the undersigned did not misunderstand Rule 81(c) of the Federal Rules of Civil Procedure. Likewise, there is no evidence to support Plaintiff's suggestion that the undersigned lacks a basic understanding of the federal rules of practice and is incapable of defending this case in federal court, as was the case in Savarese. The mistake underlying Defendants' untimely filing, as more fully set forth in Defendants' September 5th Supplement, was not a function of misunderstanding Rule 81(c). Rather, the undersigned Defendants' counsel correctly calendared a five day response period consistent with Rule 81(c) but did so based upon an inadvertently calendared removal date (August 27 rather than August 21). In addition, and unlike Speiser and Savarese, Defendants' conduct in this case does not even remotely approach the level of egregiousness or outrageousness or that prejudiced the plaintiff that justified the entry of default judgments in those cases. Under the facts of this case, there is no basis for the Court to enter a default judgment against Defendants. The court should, therefore, refrain from entering a default, which Defendants will only move immediately and for good cause to vacate

1  intent to defend is reflected in Defendants' counsels' motions *pro hac vice* and their removal of this
2  action to this Court.
3       5.     Based on the foregoing, Defendants have appeared and manifested a good faith intent
4  to defend this case and the Clerk should refrain from entering a default against Defendants as
5  requested in Plaintiff's September 5, 2008 Request to Enter Default. Alternatively, if the Clerk has
6  any question about Defendants' Objection, Defendants request that the Clerk submit this issue to the
7  Court so that the parties and Court may have further proceedings on this issue.
8       WHEREFORE, for the reasons set forth herein, Defendants Advance America, Cash
9  Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC request the
10 Clerk of the Court reject Plaintiff's Request for Entry of Default. Alternatively, if the Clerk has any
11 questions about Defendants' Objection, Defendants request that the Clerk submit this issue to the
12 Court so that the parties and Court may have further proceedings on this issue.

Dated: September 8, 2008

/s/ Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Brendan Ballard, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone:   202-383-0100
Facsimile:   202-637-3593
Email:       lewis.wiener@sutherland.com
             gail.westover@sutherland.com
             brendan.ballard@sutherland.com

Lawrence A. Dany, admitted *pro hac vice*
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:   212-389-5000
Facsimile:   212-389-5099
Email:       larry.dany@sutherland.com

**Attorneys for Defendants Advance America,
Cash Advance Centers, Inc. and Advance America,
Cash Advance Centers of California LLC**

20079

US District Court Case No. 3:08-CV-1549 WQH(WMc)

Exhibit A

```
 1  James G. Sandler, Bar No. 067407
    Richard M. Valdez, Bar No. 156957.
 2  SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP
    402 West Broadway, Suite 1700
 3  San Diego, CA 92101-3542
    Telephone (619) 235-5655
 4  Facsimile  (619) 235-5648

 5  Lewis S. Wiener, admitted pro hac vice
    Gail G. Westover, admitted pro hac vice
 6  Lawrence A. Dany III, admitted pro hac vice
    Brennan Ballard, admitted pro hac vice
 7  SUTHERLAND ASBILL & BRENNAN LLP
    1275 Pennsylvania Avenue, N.W.
 8  Washington, DC 20004-2415
    Telephone:   202-383-0100
 9  Facsimile:   202-637-3593

10  Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and
    Cash Advance Centers of California LLC
11
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 3:08-cv-01549-WQH-WMC<br><br>DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD |

　　　　Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC, in accordance with Local Rule 12.1, move the Court to enter an Order extending Defendants' deadline for filing their Answer or other responsive pleading to the Complaint to September 25, 2008. In support of this motion, Defendants state as follows:

1

SUTHERLAND 8020393.1

3:08-cv-01549-WQH-WMC

1. Plaintiff's Complaint was filed July 16, 2008, served on Defendants on July 25, 2008, and timely removed to this court on August 21, 2008 pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act.

2. Defendants have made no previous request for an extension of time in this case.

3. No other dates are scheduled.

4. Defendants requested Plaintiff's consent to an extension of time by way of a joint motion. Plaintiff denied the request.

5. As fully set forth in Defendants' removal papers, the class action complaint in this matter alleges claims covering over 32,000 potential class members and involving over $35.4 million in putative damages.

6. Defendants seek this extension to allow sufficient opportunity to fully investigate the extensive and complex factual and legal allegations asserted in the Class Action Complaint and to analyze their legal options based on the terms of the contracts specifically underlying Plaintiffs' claims.

WHEREFORE, for good cause shown, Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC request the Court to enter an Order extending Defendants' time to answer or otherwise plead to September 25, 2008.

Dated: September 4, 2008

/s/ Richard M. Valdez
SANDLER, LAZRY, LAUBE,
BYER & VALDEZ LLP
402 West Broadway, Ste. 1700
San Diego, CA 92101
Telephone:   619-235-5655
Facsimile:   619-235-5648
Email:       jsandler@sllbv.com

OTHER COUNSEL:
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*

| | |
|---|---|
| 1 | Brendan Ballard, admitted *pro hac vice* |
| 2 | 1275 Pennsylvania Avenue, N.W. |
|   | Washington, D.C. 20004-2415 |
| 3 | Telephone:   202-383-0100 |
|   | Facsimile:   202-637-3593 |
| 4 | Email:   lewis.wiener@sutherland.com |
|   |          gail.westover@sutherland.com |
| 5 |          brendan.ballard@sutherland.com |
| 6 | Lawrence A. Dany, admitted *pro hac vice* |
| 7 | 1114 Avenue of the Americas, 40th Floor |
|   | New York, NY 10036 |
| 8 | Telephone:   212-389-5000 |
|   | Facsimile:   212-389-5099 |
| 9 | Email:   larry.dany@sutherland.com |
| 10 | **Attorneys for Defendants Advance America,** |
| 11 | **Cash Advance Centers, Inc. and Advance America,** |
|    | **Cash Advance Centers of California LLC** |

Lines 12–28 blank.

US District Court Case No. 3:08-CV-1549 WQH(WMc)

Exhibit B

1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile (619) 235-5648

5  Lewis S. Wiener, admitted *pro hac vice*
   Gail G. Westover, admitted *pro hac vice*
6  Lawrence A. Dany III, admitted *pro hac vice*
   Brennan Ballard, admitted *pro hac vice*
7  **SUTHERLAND ASBILL & BRENNAN LLP**
   1275 Pennsylvania Avenue, N.W.
8  Washington, DC 20004-2415
   Telephone:   202-383-0100
9  Facsimile:   202-637-3593

10 Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and
   Cash Advance Centers of California LLC
11

12

13                     IN THE UNITED STATES DISTRICT COURT

14                   FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16 | KERRIE STONE,                              | Case No. 3:08-cv-01549-WQH-WMC

17 |          Plaintiff,                         | DEFENDANTS' SUPPLEMENT TO
   |     v.                                     | *EX PARTE* MOTION FOR LEAVE TO
18 |                                             | EXTEND TIME TO ANSWER OR
   | ADVANCE AMERICA, CASH ADVANCE              | OTHERWISE PLEAD
19 | CENTERS INC., ADVANCE AMERICA,             |
   | CASH ADVANCE CENTERS OF                    |
20 | CALIFORNIA, LLC, and DOES 1 through 50,    |
   | inclusive,                                 |
21 |                                             |
   |          Defendants.                        |
22

23

24         Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash

25 Advance Centers of California LLC, in accordance with Local Rule 12.1, file this supplemental

26 motion for an Order extending Defendants' deadline for filing their Answer or other responsive

27 pleading to the Complaint to September 25, 2008. In support of this motion, Defendants tender the

28 accompanying Declaration of Lewis S. Wiener and state as follows:

                                                1

1. Plaintiff's Complaint was filed July 16, 2008, served on Defendants on July 25, 2008, and timely removed to this court on August 21, 2008 pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act.

2. At the time of removal on August 21, 2008, Defendants understood that they had 5 days in which to answer or otherwise respond to the Complaint.

3. When the undersigned received the file stamped copies of the removal papers, the filing date of the removal was inadvertently and incorrectly calendared as August 27, 2008, not August 21, 2008. The due date for Defendants' Answer or other responsive pleading was therefore inadvertently and incorrectly calendared as September 4, 2008 (five business days (excluding weekends and holidays) following August 27, 2008).

3. At the time of removal Defendants were, and still are, actively considering the option of filing in lieu of an Answer to the Complaint as the first responsive pleading in this matter a motion for an order staying litigation and compelling arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* in accordance with the terms of the contracts between the parties that form the basis of this putative class action.

4. Given the complexity, time and cost associated with prosecution of the anticipated motion to compel arbitration and the uncertainty whether Plaintiffs will seek remand of this action to state court, thereby raising a question whether the issue of the enforceability of the arbitration provision in the contracts at issue herein will be adjudicated before this court or the state court, Defendants proactively sought to adjourn the deadline for their response to the Complaint until after the expiration of the 30-day period for remand under 28 U.S.C. §1447. Stated otherwise, Defendants wished to avoid having to prepare and file a lengthy motion to compel arbitration prior to knowing whether Plaintiff would be seeking a remand to state court.

5. Thus, on September 4, 2008, believing they were still within the period for filing a timely answer or response to the Complaint, and after having requested Plaintiff's consent to a joint motion for an extension of time, Defendants filed their *Ex Parte* Motion for Leave to Extend Time to Answer in order to ensure that the request to extend the answer or other responsive pleading deadline was timely filed.

6. In preparing the initial *Ex Parte* Motion for Leave to Extend Time to Answer on September 4, 2008, Defendants' counsel correctly noted the August 21, 2008 removal date but did not realize that the answer or other response date of September 4, 2008 had been calculated based on an incorrectly calendared date (August 27, 2008). In fact, the deadline for Defendants to answer or otherwise respond was not September 4, 2008, but August 28, 2008. Consequently, at the time of the filing of the initial *Ex Parte* Motion for Leave to Extend Time to Answer on September 4, 2008, the deadline for Defendants to respond to the Complaint had expired.

7. Defendants file this supplement to the September 4, 2008 motion to apprize the Court of these facts in accordance with their duty of candor and so as not to mislead the Court as to the facts underlying the pending Motion to Extend the Time to Answer or Otherwise Plead. Defendants seek no additional relief in this supplement other than the previously requested extension in which to answer or otherwise respond to the Complaint. The relief requested in the pending Motion to Extend the Time to Answer or Otherwise Plead is the identical relief that would have been requested had the request been filed in advance of the August 28, 2008 deadline.

8. Defendants respectfully request that the Court grant the request for an extension of time to answer or otherwise respond to the Complaint since Defendants' motion for leave was promptly filed upon discovery of the error in calculating Defendant's response date, no default has been requested in this matter, and no prejudice would befall Plaintiff by reason of the 7-day delay in requesting an extension of time in which to answer or otherwise respond.

WHEREFORE, for good cause shown, Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC request the Court to enter an Order extending Defendants' time to answer or otherwise plead to September 25, 2008.

Dated: September 5, 2008

/s/ Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
Lewis S. Wiener, admitted *pro hac vice*
Gail G. Westover, admitted *pro hac vice*
Brendan Ballard, admitted *pro hac vice*
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: 202-383-0100

3

3:08-cv-01549-WQH-WMC

8021283.1

| | |
|---|---|
| Facsimile: | 202-637-3593 |
| Email: | lewis.wiener@sutherland.com |
| | gail.westover@sutherland.com |
| | brendan.ballard@sutherland.com |

Lawrence A. Dany, admitted *pro hac vice*
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:   212-389-5000
Facsimile:   212-389-5099
Email:   larry.dany@sutherland.com

**Attorneys for Defendants Advance America, Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of California LLC**

```
 1  James G. Sandler, Bar No. 067407
    Richard M. Valdez, Bar No. 156957
 2  SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP
    402 West Broadway, Suite 1700
 3  San Diego, CA 92101-3542
    Telephone (619) 235-5655
 4  Facsimile (619) 235-5648

 5  Lewis S. Wiener, admitted pro hac vice
    Gail G. Westover, admitted pro hac vice
 6  Lawrence A. Dany III, admitted pro hac vice
    Brennan Ballard, admitted pro hac vice
 7  SUTHERLAND ASBILL & BRENNAN LLP
    1275 Pennsylvania Avenue, N.W.
 8  Washington, DC 20004-2415
    Telephone:   202-383-0100
 9  Facsimile:   202-637-3593

10  Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and
    Cash Advance Centers of California LLC
11
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE, | Case No. 3:08-cv-01549-WQH-WMC |
| Plaintiffs,<br>v. | DECLARATION OF LEWIS S. WIENER IN SUPPORT OF DEFENDANTS' SUPPLEMENT TO *EX PARTE* MOTION FOR LEAVE TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD |
| ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Lewis S. Wiener declares and states as follows:

I am a partner with Sutherland Asbill & Brennan LLP in Washington, D.C. I am over 18 years old, competent to make this declaration and the facts stated herein are based on my personal knowledge.

1

8021362.1

3:08-cv-01549-WQH-WMC

1.    I am the partner-in-charge of this case on behalf of the Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC.

2.    On September 4, 2008 I, through local counsel, filed in good faith Defendants' Ex Parte Motion for Leave to Extend Time to Answer or Otherwise Plead believing in good faith the response date for Defendants' Answer or other responsive pleading was September 4, 2008. My good faith belief that the response date was September 4, 2008 was based on an internal error in calendaring the filing date of the removal as August 27, 2008 rather than August 21, 2008.

3.    Following the filing of Defendants' Motion to Extend Time to Answer I learned that the deadline to file Defendants' Answer or otherwise plead was August 28, 2008. I immediately drafted and filed contemporaneously herewith Defendants' Supplement to Ex Parte Motion for Leave to Extend Time to Answer or Otherwise Plead to advise the court of the facts surrounding the timing of the filing of Defendants' Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of September in Washington, D.C.

/s/Lewis S. Wiener
Lewis S. Wiener

1  James G. Sandler, Bar No. 067407
   Richard M. Valdez, Bar No. 156957
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile  (619) 235-5648

5  Lewis S. Wiener, admitted *pro hac vice*
   Gail G. Westover, admitted *pro hac vice*
6  Lawrence A. Dany III, admitted *pro hac vice*
   Brennan Ballard, admitted *pro hac vice*
7  **SUTHERLAND ASBILL & BRENNAN LLP**
   1275 Pennsylvania Avenue, N.W.
8  Washington, DC 20004-2415
   Telephone:   202-383-0100
9  Facsimile:   202-637-3593

10 Attorneys for Defendants Advance America, Cash Advance Centers, Inc., Advance America, and Cash Advance Centers of California LLC

11

12

13                IN THE UNITED STATES DISTRICT COURT

14              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15 | KERRIE STONE,                                   | Case No. 3:08-CV-01549-WQH(WMc)
16 |         Plaintiffs,                             | DECLARATION OF LAWRENCE A.
   |    v.                                           | DANY III IN SUPPORT OF
17 |                                                 | DEFENDANTS' OBJECTION TO
   | ADVANCE AMERICA, CASH ADVANCE                   | PLAINTIFF'S SEPTEMBER 5, 2008
18 | CENTERS INC., ADVANCE AMERICA,                  | REQUEST FOR ENTRY OF
   | CASH ADVANCE CENTERS OF                         | DEFAULT
19 | CALIFORNIA, LLC, and DOES 1 through 50,
   | inclusive,
20 |
   |         Defendants.
21

22

23      I, Lawrence A. Dany III, declare and state as follows:

24      1.    I am an associate with Sutherland Asbill & Brennan LLP in New York, New York. I

25 am over 18 years old and competent to make this declaration. The facts stated herein are based on

26 my own personal knowledge and if called as a witness would testify consistently hereto.

27

28

                                       1

                                                                      3:08-CV-01549-WQH(WMc)

20077

2. I am an attorney representing Defendants Advance America, Cash Advance Centers, Inc., and Advance America, Cash Advance Centers of California LLC in the above-captioned matter (collectively "Defendants").

3. On September 4, 2008, I personally spoke with Plaintiff's counsel to request consent to file a Joint Motion for Leave to Extend Time to Answer or Otherwise Plead believing in good faith the response date for Defendants' Answer or other responsive pleading was September 4, 2008.

4. During the call, I said that Defendants would likely be seeking to compel arbitration, and for the sake of economy, Defendants wanted to adjourn the deadline for the filing of an answer or other response from September 4 to September 25, 2008, five days after the September 20, 2008 (30-day) deadline for remand under 28 U.S.C. §1447. Defendants' intent to defend this case was clearly represented. The only question was one of the timing of the filing of Defendants' answer or other responsive pleading.

5. Plaintiff's counsel responded that they may not be seeking remand, and that the deadline for Defendants to answer or otherwise respond to the complaint had passed. Plaintiff's counsel did not say that she believed the deadline to answer was August 28, 2008.

6. It was my understanding that counsel's statement that the deadline to answer or otherwise respond had passed was due to plaintiff's counsel's error in counting a federal holiday – Memorial Day, Monday, September 1, 2008 – as part of the five day response time in Rule 81(c). Consequently, I noted to Plaintiff's counsel that the deadline had not passed since September 1 had been a federal holiday and the five day response time did not include weekends or holidays. Plaintiff's counsel made no further statements as to Defendants' deadline for answering the complaint, but stated only that someone would contact me with their decision as to whether or not they would agree to the request for an extension of time.

7. On September 4, 2008, I personally spoke for a second time with Plaintiff's counsel, during which conversation I was informed that Plaintiff would not consent to the request for an extension of time. No reason was provided as to why Defendant's request was denied.

8. Following the filing of Defendants' Motion to Extend Time to Answer, I discovered that the deadline to file Defendants' Answer or otherwise plead was August 28, 2008. We

immediately drafted and filed a Supplement to Ex Parte Motion for Leave to Extend Time to Answer or Otherwise Plead to advise the court of the facts surrounding the timing of the filing of Defendants' Motion. That supplement was filed on September 5, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of September in New York, New York.


/s/ Lawrence A. Dany III
Lawrence A. Dany III