# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| KERRIE STONE, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br>   vs.<br>ADVANCE AMERICA, CASH ADVANCE CENTERS, INC.; ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC; and DOES 1 through 50, inclusive,<br><br>   Defendant. | CASE NO. 08cv1549 WQH (WMc)<br><br>**ORDER** |
|---|---|

HAYES, Judge:

The matter before the Court is the "Motion to Add Additional Class Representatives" (Doc. # 35)

## **Background**

On July 16, 2008, Plaintiff Kerrie Stone initiated this action by filing a class action complaint in the Superior Court of California, County of San Diego. *Not. of Removal,* p. 1-2. On August 21, 2008, Defendants removed the complaint to this Court (Doc. # 1) on grounds that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). On October 10, 2008, Plaintiff filed the first amended complaint ("FAC") (Doc. # 16). The FAC alleges causes of action for (1) violation of the California Deferred Deposit Transaction Law ("CDDTL"), Cal. Fin. Code section 23000, *et seq.,* (2) violation of

1  the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200, *et
2  seq.,* and (3) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ.
3  Code section 1760, *et seq*.

4        On June 18, 2009, Plaintiff filed the "Motion to Add Additional Class Representatives."
5  Plaintiff seeks to name Frank Brightwell and Justina Rodriguez as additional proposed class
6  representatives. Plaintiff contends that Brightwell and Rodriguez "took out payday loans with
7  defendants during the four-year limitations period, and both claim that defendants engaged in
8  illegal practices with respect to those loans." *Mot. to Add,* p. 1. Plaintiff contends that
9  "Plaintiff's substantive claims will remain precisely the same; the only change is that
10 Brightwell and Rodriguez will become additional named plaintiffs." *Id.* at 3-4. Plaintiff
11 contends that adding Brightwell and Rodriguez will not prejudice Defendants "since discovery
12 has not yet begun." *Id.* at 1. Plaintiff "requests that the Court permit plaintiff to offer
13 Brightwell and Rodriguez as additional class representatives without requiring them to file a
14 Second Amended Complaint," in order to "avoid re-opening the pleadings." *Id.* at 3. Plaintiff
15 "requests leave to file an amended complaint under Fed. R. Civ. P. 15(a)" if the Court
16 "determines that Brightwell and Rodriguez need to in become named plaintiffs in order to
17 serve as [] class representatives." *Id.*

18       Defendants oppose the Motion on grounds that "plaintiff is seeking to amend her
19 complaint without complying with the requirements of Federal Rule of Civil Procedure 15(a)."
20 *Opposition,* p. 2. Defendants contend that formal amendment should be required because
21 "Defendants have a right to know what facts, circumstances, and claims these individuals are
22 alleging." *Id.* at 3. Defendants contend that "even if Plaintiff's motion were considered as a
23 motion for leave to amend the complaint, it is improper because Plaintiff has not attached the
24 proposed amended pleading." *Id.* at 5. Defendants contend that the Motion to add Brightwell
25 and Rodriguez "without a proposed amended pleading should be denied," and that "Plaintiff
26 should be required to file a proper motion for leave to amend the complaint accompanied by
27 a proposed pleading so that Defendants have sufficient information to determine how to
28 respond and the Court has sufficient information to rule on the motion." *Id.* at 6.

## Applicable Law

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, as is the case here, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## Ruling of the Court

If the Court were to permit Plaintiff to add Brightwell and Rodriguez as additional proposed class representatives without formal amendment, there would be no pleading setting forth the specific facts or claims asserted by Brightwell and Rodriguez, and Defendants would not have an opportunity to respond to the complaint as to Brightwell and Rodriguez. Plaintiff does not assert that she will be prejudiced if required to file a formal second amended complaint adding Brightwell and Rodriguez as additional proposed class representatives. The Court declines to permit Plaintiff to add Brightwell and Rodriguez as additional proposed class representatives without formal amendment.

The Federal Rules of Civil Procedure and the Local Rules do not require that a party seeking leave to amend attach a copy of the proposed amended complaint. Plaintiff's failure to attach a proposed second amended complaint to this Motion is not fatal to Plaintiff's request for leave to file a second amended complaint, particularly in light of Plaintiff's assertion that "Plaintiff's substantive claims will remain precisely the same." *Mot. to Add,* p. 3. Defendants do not assert that granting Plaintiff leave to file a second amended complaint would be futile, is sought in bad faith, would create undue delay, or would otherwise prejudice Defendants. The Court grants Plaintiff leave to file a second amended complaint which adds Brightwell and Rodriguez as proposed class representatives pursuant to Rule 15(a) of the Federal Rules of

Civil Procedure.

    IT IS HEREBY ORDERED that the Motion to Add Additional Class Representatives (Doc. # 35) is **GRANTED.** Plaintiff may file a second amended complaint that adds Franks Brightwell and Justina Rodriguez as additional proposed class representatives within thirty (30) days of the date of this Order.

DATED: July 24, 2009

                                          **WILLIAM Q. HAYES**
                                          United States District Judge