UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE, <br><br> Plaintiff, <br> v. <br><br> ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 08cv1549 WQH (WMc) <br><br> **ORDER RE: DISCOVERY** |

## I.

## INTRODUCTION

On September 16, 2009, the Court held a telephonic discovery conference. [Doc. No. 50.] During this conference, the Court granted Defendants' request for full briefing as to the procedure to use to provide notice of the lawsuit to putative class members. Parties were required to file opening briefs no later than September 28, 2009 and reply briefs no later than October 2, 2009. [Doc. Nos. 56, 60, 61, 64, 65 and 66.]

The issue before the Court is whether an opt-out or opt-in procedure regulating precertification discovery of putative class members' contact information adequately balances Plaintiffs' need for identification information with the putative class members' right of privacy in contact information which may reveal their status as a customer of a payday lender.

///

///

## II.

## ARGUMENTS

**A. Plaintiffs' Argument**

Plaintiffs argue notice to putative class members informing them of the instant lawsuit and the potential for disclosure of their contact information to Plaintiffs' counsel should include an "opt-out" provision. Plaintiffs assert an opt-out provision, rather than a more restrictive opt-in provision, adequately protects the privacy rights of putative plaintiffs with respect to the disclosure of their contact information. Specifically, Plaintiffs argue the California Financial Information Privacy Act, cited by Defendants as requiring an opt-in provision in the notice to putative class members, is inapplicable in the context of this litigation where: (1) the release of the information requested is a result of judicial process, and (2) the release of information is to one acting in a representative capacity such as Plaintiff's counsel, who is by law deemed a fiduciary to putative class members even before a class is certified. Plaintiffs' October 2, 2009 Letter Brief at 1; Cal. Fin. Code s 4056(b)(7); Cal. Fin. Code s 4056(b)(3)(E); *In re GMC Pick-up Truck Fuel Tank Prod. Liability Litigation*, 55 F.3d 768, 801 (3rd Cir. 1995).

Plaintiffs advocate use of the procedure discussed in the California Supreme Court's decision in *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, (Cal. 2007) and compliance with the opt-out procedure approved therein. Plaintiffs propose, under a procedure similar to the one implemented in *Pioneer*, that the parties jointly draft and mail a letter to the putative class members notifying them plaintiffs are seeking their names and contact information; the putative class members would have 21 days from the date of the mailing to object to disclosure; and those putative class members who did not object would have their information produced to Plaintiffs' counsel. *Id.* at 361, *see also* Plaintiff's September 14, 2009 Letter Brief at 1; September 28, 2009 Letter Brief at 2. To supplement the mailing procedure and ensure more potential class members receive notice, Plaintiffs also offer to engage a third-party administrator to cross-check undeliverable notices through the United States Postal Services NCOA database. Plaintiffs' September 28, 2009 Letter Brief at 8.

**B. Defendants' Argument**

Defendants argue the notice to putative class members must include an opt-in clause as ordered by a recent state court decision, *Winters v. QC Fin. Servs. of California Inc*., No. 37-2008-00091188-CU-BT-CTL (Cal. Super. Ct., San Diego June 23, 2009) and similar to an affirmative consent option discussed in

*Colonial Life & Accident Ins. Co. v. Super Ct.*, 31 Cal. 3d 785 (1982).[1] Specifically, Defendants contend putative class members must be sent a notice which requires them to affirmatively consent ("opt-in") to disclosure of their personal information to Plaintiffs' counsel because the use of a payday loan service is highly sensitive, personal financial information warranting heightened protection under the California Financial Information Privacy Act. *See* Cal. Fin Code section 4052.5 (prohibiting financial institutions from "disclos[ing] nonpublic personal information to or with any *nonaffiliated third parties* without the *explicit prior consent* of the consumer to whom the nonpublic personal information relates.")(emphasis added.); *see also* Cal. Fin. Code s 4052(B)(3)-(b)(4) (defining nonpublic personal information as "[a]ny information about a financial institution's consumer if it is disclosed in a manner that indicates that the individual is or has been the financial institution's consumer.")

Defendants propose notice be sent to putative class members informing them Plaintiffs' counsel is seeking their names and contact information along with a return they may fill out if they consent to the disclosure of their contact information to counsel. Defendant's September 14, 2009 Letter Brief at 1; September 28, 2009 Letter Brief at 1. Defendants contend affirmative consent to the release of customer contact information is required to protect the collective privacy interest of thousands of putative class members who may not receive notice due to an address change or failure to open the notice itself. Defendants' September 28, 2009 Letter brief at 8.

### III.

### STANDARD OF REVIEW

Courts balance the following factors when assessing the potential intrusion of precertification discovery on the putative class members' right of privacy in their contact information: (1) if the party has a legally protected privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. *Pioneer*, 40 Cal.4th at 370–71 (citing *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1 (1994)).

///

///

---

[1] Plaintiffs filed a petition for writ of mandamus, challenging the opt-in procedure ordered by the Superior Court, with the California Court of Appeals which was denied on August 28, 2009. *Winters v. Superior Court*, D055546 (Cal. Ct. App. Aug. 28, 2009) On October 14, 2009, the California Supreme Court denied Plaintiffs' Petition for Review. *Winters v. Superior Court*, S176121 (Cal. Oct. 14, 2009).

## IV.

## DISCUSSION

The parties agree the test set forth in *Pioneer* is applicable to Plaintiffs' discovery request for putative class members' contact information. Plaintiffs' September 28, 2009 Letter brief at 6; Defendants' September 28, 2009 Letter Brief at 2. In addition, Plaintiffs do not contest the issues presented by factors one and two of the *Pioneer* test and therefore agree: (1) putative class members have a legally protected privacy interest in their contact information, and (2) putative class members have a reasonable expectation their contact information is, and would remain, private. Plaintiffs' September 28, 2009 Letter brief at 6.

The issue before the Court concerns the extent to which an opt-out or opt-in procedure in the notice to putative class members informing them of potential disclosure of their contact information to Plaintiff's counsel adequately protects against a serious invasion of privacy.[2]  As explained above, Defendants contend putative class members must "opt-in" before allowing disclosure of their personal information to Plaintiffs' counsel because use of a payday loan service is personal financial information warranting protection under the California Financial Information Privacy Act. Plaintiffs argue that exceptions to the California Financial Information Privacy Act apply in this case and make use of an opt-in provision inapplicable in the context of this litigation.

The California Financial Information Privacy Act of 2005 provides: "a financial institution shall not sell, share, transfer, or otherwise disclose nonpublic personal information to or with any nonaffiliated third parties *without the explicit prior consent of the consumer* to whom the nonpublic personal information relates." CAL. FIN. CODE § 4052.5. (emphasis added.)  Nonpublic personal information includes the "fact that an individual is or has been a consumer of a financial institution or has obtained a financial product or service from a financial institution" and any "information about a financial institution's consumer if it is disclosed in a manner that indicates that the individual is or has been the financial institution's consumer."

---

[2]The Court notes the issue before the Court concerns precertification discovery. Therefore, the Court makes no ruling as to the procedures to be implemented in the event a notice of settlement must be distributed to class members.

CAL. FIN. CODE § 4052(b)(3)-(b)(4).[3]

The fact putative class members have received payday loans arguably meets the definition of "nonpublic personal information" under the California Financial Information Privacy Act because such information reveals the "fact that an individual is or has been a consumer of a financial institution or has obtained a financial product or service from a financial institution." CAL. FIN. CODE § 4052(b)(3). However, the California Financial Information Privacy Act has two pertinent exceptions identical to the exceptions found in the federal financial information privacy statute, the Gramm-Leach-Bliley Act.[4] The first exception authorizes dissemination of nonpublic personal financial information "released to persons acting in a fiduciary or representative capacity on behalf of the consumer." CAL. FIN. CODE § 4056(b)(2)(E) and 15 U.S.C. § 6802(e)(3)(E). The second exception allows nonpublic personal information to be released to "respond to judicial process." CAL. FIN. CODE § 4056(b)(7) and 15 U.S.C. § 6802(e)(8). For the reasons discussed below, the Court finds the fiduciary capacity exception applies to exempt the release of information to Plaintiffs' counsel from the restrictions imposed by the California Financial Information Privacy Act.

It is well established that counsel for plaintiff has a fiduciary relationship with putative class members: "Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801 (3rd Cir. 1995). In the *Her v. Regions Financial Corporation* class action, Plaintiffs requested information in pre-certification discovery concerning borrowers of the defendant bank who were not named parties in the action but could have been members of the putative class. *Her v. Regions Financial Corporation*, No. 2:07-cv-2017-RTD, 2007 WL 2806558 (W.D. Ark. Sept. 25, 2007). The *Her* court analyzed the fiduciary exception of the Gramm-Leach-

---

[3]Similarly, the Gramm-Leach-Bliley Act provides: "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801. Nonpublic personal information is defined as personally identifiable financial information: "(i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution." 15 U.S.C. § 6809.

[4] While Defendant directs the Court to section 4051.5(b)(2) of the California Financial Information Privacy Act to illustrate the California legislature's departure from the default opt-out provision found in the Gramm-Leach-Bliley Act, the Court finds significant the fact that the fiduciary exception found in the California statute is identical to the fiduciary exception in the federal statute and was unchanged by the state's legislature.

Bliley Act and found it applied to plaintiff's counsel because by law they had a fiduciary relationship with the putative class. The court stated: "Plaintiff's counsel is acting in a fiduciary or representative capacity as the representative of the putative class and, as such, the release of the information requested would be permitted under the fiduciary/representative exception to the Gramm-Leach-Bliley Act." *Her v. Regions Financial Corporation*, No. 2:07-cv-2017-RTD, 2007 WL 2806558 at *2 (W.D. Ark. Sept. 25, 2007) (*citing Schick v. Berg,* 2004 WL 856298, *4k (S.D.N.Y. April 2004)(concluding class counsel owes a fiduciary duty to putative class members prior to class certification to protect the substantive legal rights of putative class members that form the basis of the class action suit from prejudice in an action against the class defendant resulting from the actions of class counsel; *see also General Motors Corporation Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801 (3rd Cir. 1995)(holding that class attorneys purporting to represent a class also owe the entire class a fiduciary duty once the class complaint is filed), *cert denied*, 516 U.S. 824 (1995).)

The Court finds the *Her* analysis persuasive. The language of the fiduciary/representative exception found in the California Financial Information Privacy Act mirrors verbatim the language of the fiduciary/representative exception in the Gramm-Leach-Bliley Act. Moreover, given the case law which holds class attorneys owe a fiduciary duty to putative class members even before class certification, it is clear the fiduciary/representative exception would apply to the class attorneys in this case who filed a First Amended Class Action Complaint on October 10, 2008. [Doc. No. 16.] Plaintiffs' counsel is, therefore, presently acting in a fiduciary capacity with respect to the putative class members and the exception for the release of nonpublic personal financial information "to persons acting in a fiduciary or representative capacity on behalf of the consumer"applies. California Financial Code § 4056(b)(2)(E). In light of the exception's application to this case, the Court further finds an opt-in notification procedure as urged by Defendants is not mandated by the California Financial Information Privacy Act.

Having concluded that neither an opt-in nor an opt-out notification procedure is required under California statute or case law, the Court now considers which notification procedure most adequately strikes a fair balance between protecting the privacy of putative class members' information with the need of class counsel to receive the contact information necessary for any upcoming class certification efforts.

Defendants argue the Court should implement an opt-in procedure and cite *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal.3d 785 (Cal. 1982) as a guidepost. After a careful reading of *Colonial*

*Life*, the Court finds the facts of that case inapposite to the issues presented herein. In *Colonial Life*, the plaintiff brought suit against the defendant insurance company for unfair claims settlement practices, breach of contract, and breach of the duty of fair dealing and good faith. The defendant petitioned for writ of mandate to bar Plaintiff from discovering the names, addresses, and records of other insureds whose claims were negotiated by the same claims adjuster who handled Plaintiff's claim. Defendant objected to the release of this information on the basis that it was irrelevant and protected by the Insurance Information and Privacy Protection Act (CAL. INS. CODE § 791.01 et seq). Further, Defendant petitioned for writ of mandate explicitly preventing Plaintiff's counsel from seeking to represent other claimants against Defendant.

*Colonial Life* was not filed as a class action so there was no discussion by the court of the fiduciary duty owed to putative class members by plaintiff's counsel. Moreover, there was no discussion of the adequacy of an "opt-out" or "opt-in" procedure. When presented with a request for contact information, the trial court in *Colonial Life* ordered Defendant to produce the requested names and addresses of the other customers of the insurance company and required no prior customer approval before Plaintiff's counsel could receive the information. The trial court only implemented a procedure requiring affirmative customer consent before disclosure with respect to the release of insurance records and files. Indeed the issue presented in *Colonial Life* centered not on how Plaintiffs' counsel would receive contact information but whether Plaintiff's counsel would improperly solicit new clients after receiving information about insureds with whom he did not have a fiduciary or representative relationship. The court in *Colonial Life* required the individuals whose insurance records were sought to consent to release of records because the records were protected under the Insurance Information and Privacy Protection Act and no fiduciary exception was available or even applicable in that case. *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal.3d 785, 792-793  fn. 10 (Cal. 1982).

Plaintiffs also cite the recent state court case, *Winters v. QC Financial Services of California*, 37-2008-00091188-CU-BT-CTL (Cal. Super. Ct., San Diego, June 23, 2009) as precedent for the adoption of an opt-in procedure in class action cases involving precertification discovery. The Court has reviewed the *Winters* case and finds its reliance on *Colonial Life* misplaced for the reasons stated above. Moreover, while the *Winters* court specifically states "there is no evidence Plaintiff intends to misuse the [names and addresses sought]," the *Winters* court fails to discuss the fiduciary/representative exception found in the California Financial Information Privacy Act or the established case law deeming plaintiffs' counsel acts

in a fiduciary capacity with respect to putative class members before class certification. *Winters v. QC Financial Services of California*, 37-2008-00091188-CU-BT-CTL (Cal. Super. Ct., San Diego, June 23, 2009) at page 2. Due to the absence of discussion concerning the fiduciary/representative exception, this Court declines to apply the procedures implemented by the *Winters* court in the present case.

Applying the test articulated by the California Supreme Court in *Hill v. National Collegiate Athletic Assn.,* 7 Cal. 4th 1 (1994) and *Pioneer Electronics, Inc. v. Superior Court*, 40 Cal. 4th 360 (2007), the Court finds the intrusion on privacy that may be created by allowing class counsel to receive the contact information of defendant's customers (and putative class members) through an opt-out notice procedure does not constitute an egregious breach of social norms or serious invasion of privacy. *Pioneer*, 40 Cal. 4th at 371. Here, Plaintiffs have brought a consumer class action against payday lenders alleging several significant violations of the California Deferred Deposit Transaction Law. *See* Third Amended Complaint, paras 24-29 [Doc. No. 59]. Given the impecunious financial condition and lack of sophistication in finance typically attributed to customers of payday lending institutions, the Court finds the more straightforward opt-out procedure the better option for disclosure of contact information in this case. Moreover**,** in light of the fact that plaintiffs counsel is deemed to act in a fiduciary capacity with respect to putative class members, the Court finds the slight intrusion occasioned by the release of contact information with financial overtones to class counsel is more than adequately addressed through the use of an opt-out procedure, which still provides a mechanism for those who prefer not to release information to voice their objection. In the pre-certification discovery context use of an opt-in procedure which though its operation may significantly cull the pool of potential putative class members by requiring unsophisticated consumers to take the affirmative step of opting in to disclosure of their contact information to counsel required to act on their behalf is unnecessarily restrictive in this case and out of keeping with the general policies underlying class action litigation. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("Class actions serve an important function in our system of civil justice.") Furthermore, the opt-out procedure provides an appropriate means of legal redress of their financial rights to protect a category of citizens who are often most in need of protection of their interests and most unlikely to find such protection apart from a class action.

///

///

## V.

## CONCLUSION AND ORDER THEREON

For the reasons articulated above, the Court hereby **ORDERS** Defendant to provide Plaintiffs with the requested customer contact information in accordance with the opt-out procedure proposed by Plaintiffs. The contact information disclosed shall be considered confidential and subject to the Court's September 2, 2009 Protective Order entered in this case. [Doc. No. 49.]

**IT IS SO ORDERED.**

DATED: December 4, 2009

_____

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court