**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KERRIE STONE, JUSTINA RODRIGUEZ, FRANK BRIGHTWELL,

Plaintiffs,

vs.

ADVANCE AMERICA, CASH ADVANCE CENTERS, Inc., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC,

Defendants.

CASE NO. 08cv1549 WQH (WMC)

**ORDER**

HAYES, Judge:

The matters before the Court are Defendants' Motion for Judgment on the Pleadings (Doc. # 69) and Defendants' Objection and Motion to Modify the December 4, 2009 Discovery Order of the Magistrate Judge (Doc. # 77).

**BACKGROUND**

Plaintiffs Kerrie Stone, Justina Rodriguez, and Frank Brightwell initiated this action by filing their complaint on July 16, 2008 in the Superior Court of California for San Diego County against Defendants Advance America, Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of California, LLC. (Doc. # 1). This action is a proposed class action on behalf of Defendants' deferred deposit transaction customers. On August 21, 2008, Defendants filed their Notice of Removal removing the case to this Court

pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* The operative pleading in this case is Plaintiffs' Third Amended Complaint ("TAC") filed on September 29, 2009. (Doc. # 59). The TAC alleges claims for: (1) violation of the California Deferred Deposit Transaction Law; and (2) violation of the California Unfair Competition Law. *Id.* at 10-11. Among other alleged violations of the California Deferred Deposit Transaction Law, Plaintiffs allege that Defendants electronically deducted the funds to pay off their cash advance transactions from their bank accounts rather than depositing paper checks and that Defendants entered into cash advance transactions with customers with an annual percentage rate ("APR") of 500% or more. *Id.* at ¶¶ 28-29.

On November 9, 2009, Defendants filed their Motion for Judgment on the Pleadings. (Doc. # 69). On December 4, 2009, the Magistrate Judge entered an order which requires Defendants to provide Plaintiffs with the contact information for customers who do not opt out of having their information shared. (Doc. # 75). On December 18, 2009, Defendants filed their Objection and Motion to Modify the December 4, 2009 Discovery Order of the Magistrate Judge. (Doc. # 77).

## ANALYSIS

### I. Motion for Judgment on the Pleadings

#### 1. Electronic Deposits

Defendants contend they are entitled to judgment on the pleadings on Plaintiffs' first claim for violation of the California Deferred Deposit Transaction Law as to electronic deposits. (Doc. # 69). Defendants contend the named plaintiffs do not have standing to assert any claims relating to electronic check deposits because Defendants did not process any of their checks electronically. *Id.* at 8-9.

Plaintiffs concede that none of the named plaintiffs have standing to bring the claims as to the electronic deposits and that those claims should be dismissed. (Doc. # 72 at 2 n. 1). The Court therefore dismisses the claim. Defendants have sought dismissal with prejudice. (Doc. # 76 at 9). The Court finds that dismissal with prejudice is inappropriate at this time.

**2. Annual Percentage Rate of 500% or More**

Defendants contend they are entitled to judgment on the pleadings on Plaintiffs' first claim for violation of the California Deferred Deposit Transaction Law as to transactions with an APR of 500% or more. (Doc. # 69). Defendants contend unconscionability provisions of the California Deferred Deposit Law cannot, as a matter of law, apply to transactions where the fee is 15% or less than the face value of the check, because the law specifically allows such fees. *Id.* at 4. Defendants contend "credit contracts charging fees and/or interest expressly permitted by statute are not unconscionable as a matter of law." *Id.* Defendants contend that the unconscionability provision of the California Deferred Deposit Transaction Law is a general provision and as such "may not be used to nullify or trump" the more specific provision expressly permitting fees up to 15% of the face value of the check. *Id.* at 5 (citation and internal quotation omitted). Defendants contend the Court need not examine the factual record to determine that the unconscionability provision does not, as a matter of law, apply to the transactions at issue here. *Id.* at 6-7.

Plaintiffs contend that the California Deferred Deposit Transaction Law establishes a maximum 15% fee for payday loans, but that this does not mean that a 15% is always permitted regardless of the other loan terms. *Id.* at 2. Plaintiffs contend a 15% fee is only permissible where it does not render the loan unconscionable. *Id.* Plaintiffs contend the loans made to the named plaintiffs were both procedurally and substantively unconscionable. *Id.* at 3. Plaintiffs contend that Defendants' superior bargaining power, combined with take-it-or-leave-it contracts and the often dire financial straits of customers of payday lenders, make the loans procedurally unconscionable. *Id.* Plaintiffs contend that the loans where the fees would exceed a 500% APR are unconscionable in light of the low rate of loss on payday loans and the actual cost of the loans. *Id.* at 3-4. Plaintiffs contend that the legislature intended to allow courts to examine payday loans for unconscionability even if they did not exceed the 15% maximum fee. *Id.* at 9-10. Plaintiffs contend that a loan term could be so short that a 15% fee would be unreasonable because the APR of the loan would be exorbitant. *Id.* at 10-11.

Judgment on the Pleadings is proper pursuant to Federal Rule of Civil Procedure 12(c) "after the pleadings are closed but within such time as not to delay trial," if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* If a court grants judgment on the pleadings, it is a decision on the merits. *See General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

The California Deferred Deposit Transaction Law, California Financial Code § 23000, *et seq.*, was enacted to "provide greater regulatory oversight of the deferred deposit transaction industry . . . ." California Deferred Deposit Transaction Law, 2002 Stats Ch. 777 Section 1(a). A "deferred deposit transaction" is defined as a "transaction whereby a person defers depositing a customer's personal check until a specific date, pursuant to a written agreement for a fee or other charge . . . ." Cal. Fin. Code § 23001(a). A business licensed to engaged in deferred deposit transactions "may defer the deposit of a customer's personal check for up to 31 days . . . ." Cal. Fin. Code § 23035(a). The face amount of the check may not exceed $ 300. *Id.* A deferred deposit transaction must be made via a written contract, which must disclose the fee both as an APR pursuant to the Truth in Lending Act ("TILA"), and expressed in United States dollars. Cal. Fin. Code §§ 23001(a), (e). The fee for a deferred deposit transaction may not exceed 15% of the face amount of the check. Cal. Fin. Code § 23036(a). A lender may not enter into another deferred deposit transaction with a customer when there is already an earlier written agreement for a deferred deposit transaction in effect. Cal. Fin. Code § 23036(c). A lender may not charge more than the amount authorized "directly or indirectly." Cal. Fin. Code § 23036(f). Deferred deposit transaction agreements may not contain "any unconscionable provision." *Id.*

The Court concludes that Plaintiffs' claim that transactions with an APR of 500% or more are unconscionable is foreclosed by the California Deferred Deposit Transaction Law. *See* Cal. Fin. Code § 23036(a). California Financial Code § 23036(a) allows deferred deposit lenders to make loans for a fee up to 15% of the face value of the check. A loan which conforms with § 23036(a) by charging a fee of 15% or less of the face value of the check cannot, as a matter of law, be unconscionable because the statute explicitly permits a fee that results in an APR which is 500% or more. Defendants are entitled to judgment on the pleadings as to the claim that a deferred deposit loan with an APR of 500% or more is unconscionable as a matter of law. The motion for judgment on the pleadings is granted.

**II. Objection and Motion to Modify the December 4, 2009 Order of the Magistrate Judge**

The parties disagree about "whether an opt-out or opt-in procedure regulating precertification discovery of putative class members' contact information adequately balances Plaintiffs' need for identification information with the putative class members' right to privacy in contact information which may reveal their status as a customer of a payday lender." (Doc. # 75 at 1). On December 4, 2009, the Magistrate Judge ordered Defendant to provide Plaintiff with customer contact information "in accordance with the opt-out procedure proposed by Plaintiffs. The contact information disclosed shall be considered confidential and subject to the Court's September 2, 2009 Protective Order . . . ." *Id.* at 9

Defendants contend that the Magistrate Judge failed to give sufficient weight to the privacy interests of purported class members and failed to conduct a proper balancing test in determining that an opt-out procedure before turning over a list of customers to Plaintiffs' counsel was appropriate. (Doc. # 77 at 1-2). Defendants contend that the disclosure of consumer information should only be made as to those customers who opt-in and affirmatively give permission for their contact information to be shared. (Doc. # 77-1 at 1). Defendants contend the Magistrate Judge's order is "contrary to law" and should be reversed because of California privacy law protecting customer information in financial

institutions. *Id.* at 4-5. Defendants contend that a recent state court suit in which the trial judge required an opt-in procedure before a payday lender's customers' contact information was shared with counsel in a proposed class action is persuasive authority that California law requires this procedure. *Id.* at 3. Defendants contend the Magistrate Judge committed "clear error" by failing to give sufficient weight to the privacy interests of customers and by failing to address whether Plaintiffs' needs outweigh these privacy interests. *Id.*

Plaintiffs contend the Magistrate Judge's order is not clearly erroneous. (Doc. # 79 at 4). Plaintiffs contend disclosure after an opt-in procedure is permitted by California law because Plaintiffs' counsel have a fiduciary duty to these customers as potential class members. *Id.* Plaintiffs contend the opt-out procedure is appropriate because the Plaintiffs have a strong need for consumer contact information. *Id.* at 6. Plaintiffs explain that Defendants have claimed that they have no record of whether customers received required notices, used the proceeds of one loan to pay off another, or received a second payday loan before paying off another loan. *Id.* Plaintiffs contend that contacting customers is the only way to determine whether Defendants violated California law. *Id.* Plaintiffs have agreed to pay for a third-party administrator to run any mail returned as undeliverable through a U.S. Postal Service database of notice of change of address forms to locate potential class members who have moved since they were customers of Defendants. *Id.* at 8.

Objections to non-dispositive orders by a magistrate judge are governed by Federal Rule of Civil Procedure 72(a), which states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

*See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (discussing the standard of review for objections to non-dispositive orders of a magistrate judge).

The Magistrate Judge found that the putative class members had a legally protected

privacy interest in the fact that they were customers of a financial institution pursuant to California Financial Code § 4052(b)(3). (Doc. # 75 at 5). However, the Magistrate Judge found that two exceptions to the general rule that revealing customers of a financial institution violates their privacy rights apply on these facts. *Id.* First, the contact information of current and former customers could be released to Plaintiffs' lawyers under an exception that allows release "in response to judicial process." *Id.* (citing Cal. Fin. Code § 4056(b)(7)). Second, Plaintiffs' lawyers have a fiduciary duty to potential plaintiffs in their proposed class action suit. *Id.* (citing Cal. Fin. Code. § 4056(b)(2)(E)). Based on these exceptions, the Magistrate Judge concluded that California law did not mandate either an opt-out or an opt-in procedure. *Id.* at 6-7.

The Magistrate Judge then applied the balancing test from *Pioneer Electronics v. Superior Court*, 40 Cal. 4th 360, 373 (2007), in deciding whether discovery of the putative class member's contact information would follow an opt-out or an opt-in procedure. *Id.* at 3. This test weighs "(1) if the party has a legally protected privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy." *Id.* The parties agree that the test from *Pioneer* is the correct test to determine whether discovery of putative class member's contact information should be opt-out or opt-in under California law. *See* Doc. # 77-1 at 3, Doc. # 79 at 2. The Magistrate Judge found that, in light of the fiduciary duty of Plaintiffs' counsel to the potential class members and the importance of providing an opportunity for class members to obtain "legal redress of their financial rights to protect a category of citizens who are often most in need of protection of their interests and most unlikely to find such protection apart from a class action," an opt-out procedure was appropriate. (Doc. # 75 at 8).

This Court concludes that the Magistrate Judge's ruling is neither "clearly erroneous" nor "contrary to law." The California Supreme Court held that "[a] bank's customer's reasonable expectation is that, *absent compulsion by legal process*, the matters he reveals to the bank will be utilized by the bank only for internal banking purposes."

*Pioneer Electronics*, 40 Cal. 4th at 203 (*citing Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 657 (1975)). Even absent the safeguard of a fiduciary relationship between a plaintiff's counsel and the customers of a financial institution, the California Supreme Court has permitted discovery of the contact information of those customers without an opt-in procedure. *Valley Bank*, 15 Cal. 3d at 680. Defendants' objection is overruled.

**CONCLUSION**

IT IS HEREBY ORDERED THAT:

(1) Defendants' Motion for Judgment on the Pleadings (Doc. # 69) is **GRANTED** as to Plaintiffs' claim that deferred deposit transactions with an APR of 500% or more are unconscionable as a matter of law.

(2) Plaintiffs' claim that Defendants' electronic deposit practices violated the California Financial Code is **DISMISSED** without prejudice.

(3) Defendants' Objection and Motion to Modify the December 4, 2009 Discovery Order of the Magistrate Judge (Doc. # 77) is **OVERRULED** and **DENIED**.

DATED: April 7, 2010

**WILLIAM Q. HAYES**
United States District Judge