UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCE AMERICA, CASH ADVANCE CENTERS INC., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC and DOES 1 through 50, inclusive,,<br><br>    Defendants. | Case No. 08cv1549 WQH (WMc)<br><br>**ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE RE: (1) REQUEST TO RE-OPEN DISCOVERY AND (2) DISCOVERABILITY OF NAMES AND CONTACT INFORMATION OF DEFENDANTS' FORMER EMPLOYEES** |

The Court held a telephonic discovery conference on September 17, 2010. Marita Lauinger, Esq., appeared for Plaintiff. Steuart Thomsen, Esq. and Richard Valdez, Esq., appeared for Defendants. The conference was placed on the record. Accordingly, all oral rulings made by Judge McCurine at the September 17, 2010 teleconference are incorporated fully herein. In addition, the Court issues the following orders:

1. Counsel informed the Court at the September 17, 2010 teleconference that notice is no longer at issue in this case. Accordingly, Plaintiff's request for additional DDO audit reports is **DENIED.** The Court finds the cost of identifying and producing said reports is not justified and irrelevant to an issue which is no longer active in the case.

2. Discovery is closed per the Court's First Amended Scheduling Order. With one exception, the Court finds no good cause exists to allow further discovery. On June 25, 2010 Plaintiff served interrogatories upon defendant, seeking the identity and contact information of

defendants' former employees during the class period. Plaintiff is not seeking to obtain the identity of potential class members. Plaintiff timely propounded the interrogatories served upon defendants. The propounding of the interrogatories complied with the operative Scheduling Order. Defendant contends a notice procedure is necessary to obtain this information pursuant to *Pioneer Electronics, Inc. v. Superior Court, 40 Cal. 4th 360 (2007).* Plaintiff contends notice is not required. Defendants rely on *Belaire-West landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554 (2007).* Plaintiff relies on *Puerto v. Superior Court 158 Cal. App. 4th 1242 (2008).*

Defendants' reliance on *Belaire* is misplaced. *Belaire* was a putative class action involving alleged wage and hour violations. The class plaintiffs propounded interrogatories seeking the identity and contact information of defendant's current and former employees. The defendant employer objected. The trial court in *Belaire* granted in part the employee's motion to provide the information, requiring disclosure of that information through an opt-out procedure. Defendant employer filed a writ of mandamus which the Court of Appeal denied, finding the discovery of the identity and contact information of potential class members (who were secondarily also witnesses) was appropriate under *Pioneer.* The issue in *Belaire* was discovery of potential class members, not the discovery of potential witnesses. On December 4, 2009, this Court issued its ordered directing the parties to use an opt-out procedure to identify additional putative class members. In the present case plaintiff now seeks witness information from defendants.

*Puerto* is a more helpful and relevant case. It also involved alleged wage and hour violations. In *Puerto*, plaintiffs propounded a form interrogatory requiring defendant to provide the contact information of *percipient witnesses*. In responding to the interrogatory, defendant had identified these witnesses by name, but withheld the contact information. The trial court issued an order requiring disclosure by an opt-in procedure. Plaintiff filed a writ of mandate which the Court of Appeal granted, overruling the trial court's requirement of an opt-in procedure on the ground the plaintiffs were entitled to the information sought under California Rule of Civil Procedure Section 2017. 010 without the need for any notice provision: "Let a peremptory writ of mandate issue directing the superior court to vacate its order allowing disclosure and contact only if the witness consents, and to enter a new order directing the disclosure of contact information for the individuals

identified in response to Form Interrogatory No. 12.1." *Puerto*, at 1260.

Two key factors compelled the Court of Appeal's decision in *Puerto*. First, "Petitioners had a statutory entitlement to the contact information for these witnesses [under] Code of Civil Procedure Section 2017. 010." *Id.* at 1249. Second, "[c]entral to the discovery process is the identification of potential witnesses." *Id*. The Court of Appeal in *Puerto* appropriately distinguished *Pioneer*: "while we applied the framework from *Pioneer*..., we also note that salient distinctions exist between that case and the circumstances here. In *Pioneer*, the plaintiffs sought not just contact information, but the very identity of the affected individuals; here the witnesses' identities have already been disclosed. Moreover, the discovery in *Pioneer* was precertification discovery designed to identify members of the class rather than to locate percipient witnesses, although the Supreme Court did note that some number of the potential class members would also be witnesses. This procedural distinction explains why the opt-out letter outcome of *Pioneer* is not necessarily appropriate here: in *Pioneer* the plaintiffs were looking for people who would want to participate in the lawsuit.... In contrast, a percipient witness's willingness to participate in civil discovery has never been considered relevant–witnesses may be compelled to appear and testify whether they want to or not." *Id.* at 1251

The reasoning set forth in *Puerto* is equally compelling here. Plaintiff's discovery is not done to identify potential class members. Indeed, this Court has already issued an order allowing discovery of potential class members through an opt-out procedure.[1] Further, under Federal Rule of Civil Procedure 26 (a) (1) (A.) "[a] party must, without awaiting a discovery request, provide to the other parties... [t]he name and, if known, the address and telephone number of each individual likely to have discoverable in the information...." Moreover, subsection (b) of that Rule states a party "may obtain discovery regarding any non-privileged matter that is relevant to any parties claim or defense-including... The identity and location of persons who know any discoverable matter." Under the Federal Rules, the information plaintiff seeks is clearly discoverable. Moreover, there is no requirement for any notice provision that would limit this very basic discovery to which plaintiff is clearly entitled under our rules.

---

[1] See Order Re: Discovery, issued December 4, 2009 [Doc. No. 75].

1       Therefore, Defendants are required to disclose the name and contact information of its former employees during the class period to plaintiff **on or before October 5, 2010.** In addition, the Court issues a Protective Order prohibiting the dissemination of the witnesses contact information except as to Plaintiff's counsel and their agents as needed in the course of investigating and prosecuting this litigation (e.g., investigators, experts, etc.). Furthermore, under such Protective Order the information can only be used in this litigation and must be destroyed after this litigation has been concluded, including appeals.

**IT IS SO ORDERED.**

DATED: September 21, 2010

                         Hon. William McCurine, Jr.
                         U.S. Magistrate Judge
                         United States District Court