# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRIE STONE, JUSTINA RODRIGUEZ, FRANK BRIGHTWELL, <br><br> Plaintiffs, <br> vs. <br> ADVANCE AMERICA, CASH ADVANCE CENTERS, Inc., ADVANCE AMERICA, CASH ADVANCE CENTERS OF CALIFORNIA, LLC, <br><br> Defendants. | CASE NO. 08cv1549 WQH (WMC) <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are the Request to File Documents Under Seal Pursuant to Protective Order filed by Plaintiffs (ECF No. 129, 138, 151), and the Motions to Seal (ECF No. 148, 166) filed by Defendants.

## BACKGROUND

On September 30, 2010, October 18, 2010, and on November 1, 2010, Plaintiffs filed Requests to File Documents Under Seal. (ECF No. 129, 138, 151). On October 7, 2010, this Court issued an Order regarding the September 30, 2010, Request to File Under Seal (ECF No. 129) filed by Plaintiffs, and on November 16, 2010, this Court issued an Order regarding the November 1, 2010, Request to file Documents Under Seal (ECF No. 151) filed by Plaintiffs. The Court noted that "Plaintiff[s] failed to provide any basis for sealing the documents aside

1  from Defendants' designation of certain documents as 'confidential' pursuant to the Protective
2  Order." (ECF No. 135 at 2; 163 at 2). The Court concluded that "[i]n the absence of
3  'compelling reasons,' the Court [could not] seal the documents." *Id*. However, the Court held
4  that it would "not deny Plaintiffs' Request to File Documents Under Seal without providing
5  Defendants with an opportunity to meet the burden required to seal the documents at issue."
6  *Id*.

7  On October 28, 2010, Defendants filed a Motion to Seal (ECF No. 148). On November
8  19, 2010, Plaintiffs filed a Statement of Non-Opposition to Defendants' Motion to Seal (ECF
9  No. 164).

10  On December 7, 2010, Defendants filed a Second Motion to Seal (ECF No. 166). On
11  December 23, 2010, Plaintiffs filed a Statement of Non-Opposition to Defendants' Second
12  Motions to Seal (ECF No. 169).

## DISCUSSION

14  Defendants seek to file Exhibits 14, 26-27 to the Declaration of Marita Murphy
15  Lauinger "Lauinger" (ECF Nos. 131-14; 131-26; 131-27) under seal on the grounds that the
16  documents contain confidential information regarding Defendants' business including its
17  banking relationships and marketing strategies which could cause competitive harm if made
18  public. In addition, Defendants seek to file under seal Exhibits 20-24 and 32-34 to the
19  Lauinger Declaration (ECF Nos. 131-20; 131-21; 131-22; 131-23; 131-24; 131-31; 131-32;
20  131-33; 131-34) which contain annual reports and regulatory examination reports to the
21  California Department of Corporations from years 2005 through 2010. Defendants contend
22  these documents are protected from disclosure by the California Public Records Act, Cal.
23  Gov. Code Section 6254, and contain "strategic business information" regarding "volume
24  and market share."[1] (ECF No. 148-1 at 6-7). Defendants also seek to file Exhibit 8 to
25  Plaintiffs' Reply Brief in Support of Class Certification (ECF Nos. 152-9) under seal on the

---

[1] Defendants also contend that these same materials were filed as Exhibits 2-6 and 15-17 to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment at (ECF No. 139; 139-3; 139-4; 139-5; 139-6; 139-7; 139-16; 139-17; 139-18) which should be filed under seal for the same reasons discussed here.

grounds that it contains confidential communications from Defendants to the California Department of Corporations regarding a regulatory examination.

Defendants contend that the request to seal is narrowly tailored because Defendants have consented to public filing of "a large portion" of the information that Plaintiffs previously sought to seal. (ECF No. 148-1 at 2). Defendants specifically consent to the following documents to be filed in the public record: (1) Excerpts of the Deposition of Scott Goodman (ECF No. 131-5); and (2) Memorandum Dated October 23, 2009 regarding California agreements and notices (with attachment) (ECF No. 131-35). Defendants have also consented to certain documents to be filed in the public record with more limited redaction than what was previously submitted by Plaintiffs which are attached as Exhibit A to Defendants' Motion to Seal as follows: (1) Exhibit 3 excerpts of the Deposition of Charles H. "Chuck" Carter (ECF No. 131-3); (2) Exhibit 4 excerpts of the Deposition of Laura Fricks (ECF No. 131-4); and (3) Exhibit 11 excerpts of the Deposition of Jean Newman (ECF No. 131-11). *See* (ECF No. 148-1 at 10).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1178-79. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to

serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Pintos*, 605 F.3d at 659 n.6 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)); *see also Kamakana*, 447 F.3d at 1179 ( "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")

California Government Code Section 6254 provides that "nothing in this chapter shall be construed to require disclosure of records that are any of the following: ... [e]xamination, operating, or condition reports prepared by, on behalf of, or for the use of, any state agency ... [i]nformation received in confidence by any state agency ...." Cal. Govt. Code § 6254(d)(2), (4); *see also* 10 Cal. Code Regs. tit. 10, § 250.9.1 (listing the records which are subject to public inspection; list does not include examinations and annual reports or correspondence relating thereto).

Exhibits 14, 20-24, 26-27 and 32-34 to the Lauinger Declaration and Exhibit 8 to Plaintiffs' Reply Brief in Support of Class Certification contain the following: (1) Deposition testimony of Joachim Rudolph discussing Defendants' relationship with its bank; (2) annual reports for licensees engaged in business under the California deferred deposit transaction law submitted to the California Department of Corporations for years ending December 31, 2005 through 2009; (3) Defendants' California broadcast media

1  summary; (4) a table of bilingual mail quantities for California centers from 2006-2009; (5)
2  letters from the California Department of Corporations to Defendants regarding regulatory
3  examination reports dated March 12, 2007, November 24, 2008, and July 6, 2010; (6) a
4  letter to the California Department of Corporations from Defendants dated November 6,
5  2002.  The Court finds that these documents contain trade secret information which might
6  become a vehicle for improper purposes in the hands of business competitors.  Defendants
7  have shown compelling reasons that outweigh the public's interest in disclosure of these
8  materials and justify filing the documents under seal.

## CONCLUSION

IT IS HEREBY ORDERED THAT: the Requests to File Documents Under Seal (ECF No. 129, 138, 151) filed by Plaintiffs, and the Motions to Seal (ECF No. 148, 166) filed by Defendants are GRANTED.  The following documents are filed under seal: Exhibits 14, 20-24, 26-27 and 32-34 to the Declaration of Marita Murphy Lauinger in Support of Plaintiffs' Motion for Class Certification (ECF No. 131-14; 131-20; 131-21; 131-22; 131-23; 131-24; 131-26; 131-27, 131-32; 131-33; 131-34), Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 139), Exhibits 2-6 and 15-17 to the Declaration of Zach P. Dostartin Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (139-3; 139-4; 139-5; 139-6; 139-7; 139-16; 139-17; 139-18), and Exhibit 8 to Plaintiffs' Reply Brief in Support of Class Certification (ECF No. 152-9).

DATED: February 11, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge